## SUPREME COURT.

HERMAN WEILLER agt. CARRIE SCHREIBER, executrix of the last will and testament of MEYER SCHREIBER, deceased.

*Attachment — Injury to personal property — What are sufficient facts to justify an attachment — Code of Civil Procedure, section 635, 636, 3343.*

Where the affidavits on which an attachment is asked, are sufficient to establish the fact that the plaintiff was induced to part with his personal property by the fraud of the defendant, " the estate of another is lessened," and is so lessened by " an actionable act."

Where a person has been induced to part with his goods, with the distinct understanding that they were to be placed in stock with other

goods of the buyer, and so used, by mixing and compounding them, as to increase the value of the stock and consequently his ability to pay, instead of which the goods were not placed in stock, were not compounded or mixed with others, and were either pledged to raise money from parties, whose names were withheld or secreted:

*Held,* that in the absence of any explanation, it must be assumed that the goods were purchased by means of a deliberate false statement made with the intent to defraud.

When it was shown by positive testimony that possession of the goods of the plaintiff was obtained by a false statement, that their whereabouts was concealed, that the names of the persons to whom they were pledged, are withheld, and that the defendant refused to consummate an arrangement and agreement which he made with the plaintiff, which it would have been to his interest to fulfill if he intended to carry on business and pay his debts:

*Held,* that these facts justify the conclusion that the defendant had either assigned, disposed of or secreted property, or intended so to do, with intent to defraud his creditors.

It is not necessary for the plaintiff to establish that the defendant had disposed of ALL his property. It is enough if he "has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property," with the intent to defraud his creditors.

*Ulster Special Term, July,* 1882.

MOTION to vacate an attachment issued against Meyer Schreiber, deceased.

*J. H. Clute* and *A. B. Pratt,* for the defendant and motion.

*R. W. Peckham,* for plaintiff and opposed.

WESTBROOK, *J.* — In this action, which was originally commenced against Meyer Schreiber, since deceased, an attachment was issued on the ground that said Schreiber had assigned, disposed of or secreted, or was about to assign, dispose of or secrete his property, with intent to defraud his creditors. After the death of the original defendant, the present defendant, Carrie Schreiber, who is the executrix of the original defendant, was made defendant, and this motion is made in her behalf to vacate such attachment for the alleged

reason that the affidavits upon which the same issued were insufficient to justify such issue.

The affidavits which were presented to the officer allowing the attachment showed : First. That on February 9, 1882, the deceased purchased of the plaintiff twenty-five barrels of Jones whiskey, of the value and at the agreed price of $1,000.19. That the plaintiff made such sale and took the note of the deceased for the amount, payable in five months, upon the faith of a statement uttered at the time of the sale, that he, the deceased, made the purchase for the purpose of mixing the goods bought with other and inferior liquors, and thereby increasing the value of such cheaper liquors. Second. That on the 21st day of April, 1882, the plaintiff also sold the deceased twenty-five barrels of Overholt whiskey, and fifteen barrels of Dougherty whiskey, of the value and at the agreed price of $1,524.35. That such sale was likewise made on the faith of precisely similar representations as the first, and by means thereof the plaintiff was induced to accept in payment of said goods, three promissory notes of the deceased for the sum of $508.12 each, dated April 22, 1882, and payable in four, five and six months from date. Third. That the deceased, instead of using such liquors for the purpose of compounding them with others, immediately pledged them, with other goods, to two friends, as he stated, and whose names he refused to disclose, to secure a loan to himself of $2,500. Fourth. Subsequent to the creation of the debt, the plaintiff and the deceased made an agreement, by which the plaintiff promised to loan the deceased the sum of $1,000 cash, pay up the alleged indebtedness of $2,500, for which the deceased had pledged the property, and then hold the property as security for the entire amount of his claim. Fifth. When this agreement was to be consummated, the deceased refused to carry it out, declined to give the names of the parties to whom the liquors were pledged, and would give no information as to the place where such liquors were. Sixth. That such liquors were not in the store of the defendant.

To the sufficiency of these facts to justify the issue of an attachment there are various objections made, which will now be considered.

*First* — It is said that the cause of action is not one for which an attachment can issue.

Section 635 of the Code specifies the causes for which an attachment may issue. This particular attachment, it is conceded, must be sustained, if it can be, under the third subdivision of such section, which reads: "Any other injury to personal property, in consequence of negligence, fraud, or other wrongful act." The position of the defendant is, that conceding the facts as claimed by the plaintiff, there has been no "injury to personal property" in the sense intended by the provision we have quoted.

Mr. Throop, in his note to section 635, says: "The term 'injury to property' is defined in section 3343, subdivision 10, *post.*" The subdivision of the section referred to provides, "An 'injury to property' is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

If the affidavits submitted are sufficient to establish the fact that the plaintiff was induced to part with the personal property by the fraud of the deceased (and whether he was so influenced or not will be considered under the next point), it seems clear that "the estate of another is lessened," and so lessened by "an actionable act" (*Bogart* agt. *Dart*, 23 *Hun*, 395). Without any further discussion of this point, we proceed to discuss the next point made in behalf of the defendant, which is,

*Second.* That the affidavit fails to show that the deceased had assigned, disposed of or secreted, or was about to assign, dispose of or secrete his property with intent to defraud his creditors.

In the discussion of this objection, it is conceded that the facts shown by the affidavits must be sufficient to warrant the conclusion that the deceased had committed, or was about to

commit, one of the acts, which permit the issue of an attachment. It is also conceded that no belief or inference of the affiants will justify such a conclusion, nor the statement by them of facts on their information and belief, and not of their knowledge. What facts have been shown?

*First.* The credit was procured by a confessedly false statement. It needs no special knowledge of trade to infer that a statement made to a seller by the buyer, that the goods were to be used in business might procure a credit, when a declaration that they were needed to borrow money upon would prevent one. And yet this is the case which the affidavits prove. The goods were bought with the distinct understanding that they were to be placed in stock with other goods of the buyer, and so used, by mixing and compounding them, as to increase the value of the stock, and consequently his ability to pay. Instead of this the goods were not placed in stock, were not compounded or mixed with others, and were either pledged to raise money from parties, whose names were withheld, or were secreted, but in either case there was an actual concealment of their location. The subsequent conduct of the buyer throws light upon the intent with which the purchase was made. In the absence of any explanation, it must be assumed that the goods were purchased by means of a deliberate false statement made with the intent to defraud.

*Second.* The goods having been obtained by fraud were actually concealed. The buyer claimed that they were pledged, with others, to secure a loan of $2,500, and though he agreed with the plaintiff to permit the latter to redeem them, and retain them as security for his indebtedness, the amount of the prior pledge, and a further advance of $1,000 to the deceased, yet he declined to carry out such arrangement or to give any information as to the locality of the goods or the alleged pledges.

It was for the officer to whom the application for the attachment was made to draw the proper inference from these facts.

It having been shown by positive testimony that possession of the goods of the plaintiff was obtained by a false statement, that their whereabouts was concealed, that the names of the persons to whom they were pledged (assuming from the statements of the deceased that they were actually in pledge), were withheld, and that the deceased refused to consummate an arrangement and agreement which he made with the plaintiff, which it would have been to his interest to fulfill if he intended to carry on business and pay his debts, justify the conclusion that the deceased had either assigned, disposed of or secreted property, or intended so to do, with intent to defraud his creditors.

For the reasons which have been given the attachment must be sustained. It was not necessary for the plaintiff to establish that the deceased had disposed of all his property. It is enough (*Code, sec.* 636, *sub.* 2) if he "has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property," with the intent to defraud his creditors. The facts shown, and which have been mentioned, justify the conclusion that he has so done. The contraction of a debt by a false statement, and the concealment of the goods so that an agreement, having for its object the security of the plaintiff, should not be performed, when its performance, if the deceased interded to be honest, would have clearly been to his interest, point only in one direction and that is in the direction of fraud. No explanation of the conduct of the deceased has been attempted. The case stands upon the affidavits on which the attachment issued, and the facts they establish was sufficient to justify its issue.