## GHIGLIONE v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION—ACTION FOR INJURY TO PROPERTY.

An action to recover for delay of work on a building, and consequent loss of rent, by reason of the wrongful causing of a notice of mechanic's lien to be filed against the property, is one for "an injury to property," jurisdiction of which is conferred on the Municipal Court by Municipal Court Act, Laws 1902, p. 1489, c. 580, § 1 (14); "injury to property" being defined by Code Civ. Proc. § 3343 (10), to be "an actionable act, whereby the estate of another is lessened, other than a personal injury or the breach of a contract."

2. ACTION—GROUNDS—INJURY TO PROPERTY—WRONGFUL FILING OF MECHANIC'S LIEN.

A complaint alleging that defendant wrongfully caused a notice of mechanic's lien against plaintiff's property to be filed, thereby delaying work on a building, resulting in loss of rent, states a cause of action on the case for injury to property.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by Maria Ghiglione against Barnett Friedman.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

George J. McDonnell, for appellant.
· Max Silverstein, for respondent.

MILLER, J.   The respondent seeks to sustain the dismissal of the complaint in the Municipal Court on two grounds, to wit:   First, that the court did not have jurisdiction of the subject-matter; second, that the complaint did not state facts sufficient to constitute a cause of action.   Construing the complaint with the liberality which should be accorded pleadings in the Municipal Court, it will be found to allege in effect that the defendant wrongfully, unlawfully, and knowingly caused a notice of mechanic's lien against plaintiff's property to be filed in the clerk's office of New York county upon a fictitious claim, thereby delaying the work on a building in process of construction, resulting in the loss of a month's rental of the property.

The appellant urges that the action is one to recover damages for "an injury to property" and that jurisdiction of such an action is conferred upon the Municipal Court by subdivision 14, § 1, Municipal Court Act, Laws 1902, p. 1489, c. 580.   At first blush it might appear that the term "injury to property" included only some physical injury to tangible property, but it is defined by subdivision 10 of section 3343 of the Code of Civil Procedure to be "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."   It is plain from this definition that the expression "injury to property," as used in the act, is to be given a broad and unrestricted meaning, so as to include every invasion of one's property rights by actionable wrong, and the decisions in this state have quite uniformly construed the expression in this manner.   Buckley v. Mayor,

30 App. Div. 463–466, 52 N. Y. Supp. 452; Stewart v. Lyman, 62 App. Div. 182–185, 70 N. Y. Supp. 936; Bogart v. Dart, 25 Hun, 395; Weiller v. Schreiber, 63 How. Prac. 491; Cleveland v. Barrows, 59 Barb. 364.

The only question left for consideration, then, is whether the complaint. states a cause of action; i. e., is the wrong alleged to have been done the plaintiff actionable? The respondent urges that the complaint is to be construed as an ineffectual attempt to allege a cause of action either for slander of title, abuse of process, or malicious prosecution, but it is not necessary to denominate the cause of action by any particular name other than as an action on the case for wrongful injury to property. If the law affords no redress for such an injury as is alleged in the complaint, then the most serious and wanton injury may be inflicted with impunity. No reason is suggested by the respondent, except his inability to classify it, for asserting that no cause of action is alleged. We think the complaint states a cause of action for injury to property, that the Municipal Court has jurisdiction, and that the complaint was improperly dismissed.

The judgment must, therefore, be reversed, and a new trial ordered, costs to abide the event. All concur.