CHARLOTTE DEVLIN, Plaintiff, *v.* NEW YORK MUTUAL CASUALTY TAXICAB INSURANCE COMPANY, Defendant.

Supreme Court, New York Special Term, October 16, 1924.

Motor vehicles — insurance policy procured by taxicab corporation pursuant to Highway Law, § 282-b, is to indemnify public — execution on judgment against assured returned unsatisfied — plaintiff may enforce claim against insurer under policy, although judgment was procured by writ of inquiry upon assured's default — failure of assured to give notice to insurer and allowance of judgment on writ of inquiry did not prejudice right of plaintiff to enforce policy, where it provides that failure of assured to comply with its requirements shall not prejudice right of third person to recover — denial of plaintiff's allegation of non-payment not bar to plaintiff's application for summary judgment — ethics of defendant's position questionable on grounds of public policy.

The purpose of an insurance policy procured in compliance with section 282-b of the Highway Law is to indemnify the public, and, therefore, the plaintiff, who has procured a judgment against the assured upon which execution has been returned unsatisfied, may enforce her claim against the insurer under the policy although the judgment was procured upon a writ of inquiry after the assured's default, since said section of the Highway Law preserves to a party the right to enforce a claim in any manner provided by law.

The right of the plaintiff to enforce her claim under the policy is not prejudiced by the failure of the assured to give notice of the accident to the insurer, the default of the assured and the consequent allowance of judgment upon a writ of inquiry, since the policy provides that the " failure of the assured to comply with the requirements of the policy shall not prejudice the right of any person other than the assured to recover hereunder."

The failure of the insurer to substantiate on plaintiff's motion for summary judgment pursuant to Rules of Civil Practice, rule 113, a denial in its answer of

plaintiff's allegation of non-payment of the judgment by the assured, is not a bar to plaintiff's motion.

Plaintiff's motion for summary judgment should be granted on the further ground of public policy, since the defendant seeks to evade technically an obligation to protect the public pursuant to law, and since its contention, on the ground of ethics and good morals, is questionable.

MOTION under rule 113 of the Rules of Civil Practice for summary judgment against a mutual casualty insurance company after plaintiff had procured judgment against a taxicab company insured by the defendant.

*O'Leary Bros. (Jeremiah O'Leary* of counsel), for the plaintiff.

*Edward W. Drucker,* for the defendant.

COTILLO, J.  The plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice for the sum of $2,500 as demanded in the complaint.  The plaintiff sustained injuries on the 2d day of February, 1923, by reason of the alleged negligence of the operator of a taxicab owned and controlled by the Hale Taxicab Company. She obtained judgment against that company in the Supreme Court of the state of New York in the sum of $10,000, with costs.  The judgment was docketed in the office of the clerk of the county of New York on the 25th day of March, 1923.  Execution was issued to the sheriff of the county of New York and returned wholly unsatisfied, and no part of the said judgment has ever been paid.  At the time of the accrual of her cause of action against the said company there was outstanding and subsisting a policy of insurance of the New York Mutual Casualty Taxicab Insurance Association purporting to cover the Hale Taxicab Company under the provisions of section 282-b of the Highway Law.  Thus the complaint alleges substantially and asks judgment against the New York Mutual Casualty Taxicab Insurance Association for the amount of the policy.  The association in its answer admits the allegations of the complaint, except as hereinafter mentioned, but as a separate and distinct defense pleads that the damages in the action brought by the plaintiff against the taxicab company were assessed by the sheriff's jury and judgment entered in favor of the plaintiff upon the return of the writ of inquiry and that such judgment was not obtained as a result of a trial of the issues in the said action in accordance with the requirements of the policy of insurance which is the basis of this suit.  The issue raised by this defense seems to be the only controversy between the parties.  It involves both a legal and an ethical question.

Section 282-b of the Highway Law, as added by chapter 612 of

the Laws of 1922, was enacted for the protection of the public under the police powers of the state. It provides substantially that no person shall operate a motor vehicle for the carrying of passengers for hire in certain parts of the state without having first filed with the tax commission a bond or a policy of insurance, to be approved by the commission, in the sum of $2,500 for the purpose of indemnifying the public for such damages to person or property as might arise by the negligent or wrongful operation or defective construction of the motor vehicle covered by the bond or policy. The meaning of the statute is plain and unquestionable. The policy of insurance is a contract. It is susceptible of the construction placed upon all contracts, and its meaning is to be determined in the light of well-established rules of construction. Its drafting is the handiwork of the defendant and thereby may be construed against the defendant. It was given to the taxicab company by the defendant and accepted by the taxicab company, with reference to section 282-b of the Highway Law, and was intended to accomplish the purpose of indemnity, public protection and legalization prescribed by that section. In like manner and with like intent it was approved by the tax commission. The real intention of the parties, therefore, can be more readily ascertained from an examination of the intent of the section because it was in the minds of these parties to reflect that intent in the provisions of the policy of insurance. This conclusion is valid even though technically the terms of the policy might be stretched or distorted to accomplish a different result. If, therefore, section 282-b of the Highway Law contemplated that the public should be indemnified against a judgment recovered through the instrumentality of a sheriff's jury the policy of insurance must carry the same intent.

It seems that that section preserves to a party the right to enforce a claim in any manner provided by law and, therefore, by application to court and the assessment of damages by a sheriff's jury in case there is default.

After all, the real parties in interest, at the time of the issuance of the insurance policy, were the public, of which the plaintiff was one, and the defendant insurance association. It is well established that two parties may make a contract voluntarily for the benefit of another, which may be enforced by the latter. Here two parties, the taxicab company and the insurance association, by compulsion of the statute have made a contract for the benefit of the public, enforcible by the public. To allow that contract to be evaded upon slight or technical grounds would be against public policy. Indeed the policy of insurance extends some recognition to this conclusion providing that the " failure of the assured

to comply with the requirements of the policy shall not prejudice the right of any person other than the assured to recover hereunder." The failure, therefore, of the assured to give notice to the insurance association, if such was the fact, the default of the taxicab company and the consequent allowance of a judgment on a writ of inquiry, do not prejudice the right of the public to enforce the policy against the insurance association. It appears, therefore, if the conclusions indicated be correct, that the separate defense contained in the answer is not sufficient and the defendant is relegated to the denials contained in the answer. The complaint alleges that no part of the judgment recovered against the taxicab company has been paid; the defendant denies that it has any knowledge or information sufficient to form a belief concerning that allegation. Dismissing for the moment the adequacy of a denial to the effect that the affiant has no knowledge or information concerning a negative, the reiteration on this motion by the plaintiff of this failure of payment seems to place the burden on the defendant of showing what, if any, portion of the judgment has in fact been paid. Failing in this, the defendant has not substantiated this denial and the denial cannot stand in the way of the application for summary judgment. In addition to the legal aspects of this motion there is presented a serious question of ethics. In its contention the defendant lays itself open to the criticism that it seeks, somewhat technically, to evade an obligation which it undertook to protect the public pursuant to law; that it influenced the approval of the tax commission by the representation that the policy which it tendered was sufficient to afford that protection, and that the policy finally was sufficient and competent to qualify its assured to do business without violating the criminal laws of the state, whilst it now takes the position that the public was not in fact protected as provided by law; that the tax commission erroneously approved its policy and that its own assured has been criminally operating its taxicabs. The ethics of such a claim, its morality and its consistency with sound public policy are indeed questionable.

Motion granted. Clerk is directed to enter judgment as demanded in complaint.

Judgment accordingly.