YETTA HARRIS, an Infant, by DAVID HARRIS, Her Guardian ad Litem, and Another, Plaintiffs, *v.* EQUITABLE SURETY COMPANY and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, December 30, 1927.

Courts — jurisdiction over non-resident motorists — Laws of 1924 of New Jersey, chap. 232, provides for service on non-resident motorist by service on Secretary of State in action arising out of accident within State — no provision is made for notifying defendant — jurisdiction cannot thus be acquired constitutionally — motor vehicles — judgments were rendered in New Jersey against New York taxicab driver on service on Secretary of State of New Jersey and without notice to defendant in that action — present action is against surety on bond given as required by Highway Law, § 282-b — statute and bond are limited to accidents occurring within this State — complaint cannot be dismissed in view of fact that there is no allegation as to where accident occurred.

This is an action over against a surety' and is based on judgments against an owner of a taxicab which were recovered in an action in New Jersey. The taxicab owner was not served personally with a summons in New Jersey. Service of the summons was made upon the Secretary of State of New Jersey, under authority of chapter 232 of the Laws of 1924 of that State, but notice of service was never given to the owner of the taxicab. The New Jersey statute provides for service of a summons upon the Secretary of State in an action against the owner of a motor vehicle having an out-State license, where the action is brought to recover damages arising out of an accident or collision occurring within the State, but the statute does not provide for notice to the owner of the motor vehicle. Jurisdiction was not constitutionally acquired of the owner of the taxicab in New Jersey by the service of the summons upon the Secretary of State without the service of any notice upon the owner of the taxicab.

Furthermore, the bond given by the defendant was given under section 282-b of the Highway Law, and neither the Highway Law nor the bond applies to

accidents occurring outside the State of New York. Section 282-b of the' Highway Law was intended to protect the rights of persons on highways in this State.

Plaintiff's motion for summary judgment is denied and the complaint would be dismissed and judgment directed for the defendant were it not for the fact that the pleadings do not state where the accident occurred.

MOTION by plaintiff for summary judgment.

*Sidney Kabalkin,* for the plaintiffs.

*Fred M. Flatow,* for the defendants.

PANKEN, J. On this motion for summary judgment against the defendant Equitable Surety Company, two questions present themselves for determination.

The answer interposed to the complaint alleges that the judgments upon which suit was brought are a nullity for the reason that no jurisdiction was ever acquired over the person of the defendant in such actions, in that no personal service of the summons was ever made therein.

The action is predicated upon two judgments obtained in the State of New Jersey in which the plaintiffs herein sued the defendant " Jerrie " Bernstein, for damages for personal injuries caused by the alleged negligence of the defendant " Jerrie " Bernstein in operating a taxicab registered by the Motor Vehicle Bureau, State Tax Department of the State of New York.

For the purposes of the determination of the motion, I must treat the allegations in the answer denying personal service upon the defendant " Jerrie " Bernstein, as admitted.

The plaintiffs in their brief contend that service was effected upon the defendant Bernstein pursuant to chapter 232 of the Laws of 1924 of the State of New Jersey. The statute provides as follows:

" 1. From and after the passage of this act any chauffeur, operator or owner of any motor vehicle, not licensed under the laws of the State of New Jersey, providing for the registration and licensing of motor vehicles, who shall accept the privilege extended to non-resident chauffeurs, operators and owners by law of driving such a motor vehicle or of having the same driven or operated in the State of New Jersey, without a New Jersey registration or license, shall, by such acceptance and the operation of such automobile within the State of New Jersey, make and constitute the Secretary of State of the State of New Jersey, his, her or their agent for the acceptance of process in any civil suit or proceeding by any resident of the State of New Jersey against such chauffeur, operator or the owner of such motor vehicle, arising out of or by reason of any accident or collision occurring within the State in which a motor

vehicle operated by such chauffeur, or operator, or such motor vehicle is involved."

The exemplified pleadings submitted on the motion disclose that service was made upon the Secretary of State as prescribed in chapter 232 of the Laws of 1924 of the State of New Jersey, and judgment entered on default of the defendant. No proof was submitted of notice having been given to the defendant of the proceeding or action taken by the plaintiffs. In so far as the record discloses, the defendant Bernstein had no notice or knowledge of any action commenced and pending against him.

The statute under which jurisdiction over the person of the defendant Bernstein has been acquired differs from a similar statute enacted in the State of Massachusetts.

Under a statute of the State of Massachusetts (Acts of 1923, chap. 431, § 2), service may be effected upon a non-resident chauffeur or operator of an automobile by service upon the registrar of motor vehicles. It, however, has this significant provision which the New Jersey statute has not: " provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant."

The courts in the State of Massachusetts have passed upon the constitutionality of the statute. In the case of *Pawloski* v. *Hess* (253 Mass. 478) the court held that service of the process made in compliance with the statute would confer jurisdiction of a non-resident upon the court. The matter was taken to the United States Supreme Court, and that court affirmed the finding in the case of *Hess* v. *Pawloski* (274 U. S. 352). The court said: " The question is whether the Massachusetts enactment contravenes the due process clause of the 14th Amendment.

" The process of a court of one State cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the State to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer* v. *Neff*, 95 U. S. 714. There must be actual service within the State of notice upon him or upon some one authorized to accept service for him. * * * A personal judgment rendered against a non-resident who has neither been served with process nor appeared in the suit is without validity." (Citing case.)

However, in the case of *Kane* v. *New Jersey* (242 U. S. 160), the court, speaking through Mr. Justice BRANDEIS, in construing a statute similar to the one under which jurisdiction is claimed over the person in the case before me, said: "And in view of the speed of the automobile and the habits of men, we cannot say that the

Legislature of New Jersey was unreasonable in believing that ability to establish, by legal proceedings within the State, any financial liability of non-resident owners, was essential to public safety. There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against non-residents, denying them equal protection of the law."

And following the determination in the *Kane* case, *Hess v. Pawloski* (*supra*) holds that a State may declare that the use of its highways by non-residents is equivalent to the appointment of some State agent upon whom process may be served, since the State has the power to exclude non-residents until formal appointment of an agent to receive service of process is made.

In affirming the judgment of the courts of the Commonwealth of Massachusetts, the court says: " Under the statute the implied consent is limited to proceedings growing out of accidents or collisions on a highway in which the non-resident may be involved. It is required that he shall actually receive and receipt for notice of the service and a copy of the process. And it contemplates such continuances as may be found necessary to give reasonable time and opportunity for defense. It makes no hostile discrimination against non-residents but tends to put them on the same footing as residents." (274 U. S. 356.)

The statute under which it is claimed service of the process upon the defendant " Jerrie " Bernstein, in the case before me, was effected has no provision requiring notice of the proceeding having been commenced, or service of a copy of the complaint to be made upon a non-resident. And it is not claimed that notice was given to the defendant or that a copy of the complaint was served upon him.

The same statute requires a written power of attorney to the Secretary of State of the State of New Jersey, appointing him as the lawful agent of a non-resident when such non-resident is brought before a magistrate charged with the violation of law as a condition precedent to being admitted to bail.

Professor Scott, in an article in the Harvard Law Review (Vol. 39) for March, 1926, discussing " Jurisdiction over Non-Resident Motorists," points out that a State may subject a non-resident to the jurisdiction of its courts, although no express consent is given by such non-resident. He said (on p. 568): " It is of course true that under the Fourteenth Amendment, the rendition of a judgment by a court without any proper form of notification to the person against whom the judgment is rendered, and without affording him an opportunity to be heard, is invalid. It is also true that under the Fourteenth Amendment, the rendition of a judgment by a

court of a State against a person over whom the State has no jurisdiction, is invalid. It is submitted, however, that in *Pawloski* v. *Hess* there was a reasonable method of notification and the defendant was afforded ample opportunity to be heard; and that the Massachusetts court had jurisdiction over the defendant."

It has been urged upon me that this court has no power to pass upon the constitutionality of the law of a foreign jurisdiction; that due credit must be given to the law of foreign States.

If no jurisdiction was acquired of the person of the defendant " Jerrie " Bernstein, any judgment obtained against him is in contravention of the Fourteenth Amendment and void. (*Flexner* v. *Farson*, 248 U. S. 289.) In the case cited the Supreme Court of the United States affirmed a decision of the Illinois courts, declaring a Kentucky judgment void, though it was urged that that would amount to a violation of the " full faith and credit " clause of the Federal Constitution. My decision on the law, in spite of my personal convictions as to what would be best for the country as a whole, would be that no jurisdiction was acquired by the courts of the State of New Jersey of the defendant Bernstein.

Aside from the question as to whether or not jurisdiction was acquired by the courts of the State of New Jersey of the defendant Bernstein, there is another element in the case requiring determination. Upon the argument of the motion, as well as upon the briefs submitted by both sides, it is claimed that the personal injuries for which damages were awarded in the courts of the State of New Jersey to the plaintiffs herein were occasioned by the negligence of the defendant Bernstein while he was in the State of New Jersey. The complaint, however, is silent as to the locale of the accident resulting in the injuries for which damages were awarded in the State of New Jersey.

That seemingly would require a denial of the motion for summary judgment and particularly in view of the answer of the defendant.

I assume that the parties have agreed to present the matter as if the accident resulting in injuries to the plaintiffs concededly occurred in the State of New Jersey. The Equitable Surety Company is made a party defendant pursuant to the bond or contract of insurance executed and issued by it in compliance with section 282-b of the Highway Law of the State of New York (added by Laws of 1922, chap. 612, as amd. by Laws of 1927, chap. 278). The bond reads in part: " Know all men by these presents, that we, Jesse Bernstein, 550 W. 144th St., New York, N. Y., as Principal, and Equitable Surety Company, a corporation duly authorized to transact business in the State of New York, as Surety, are held and firmly bound unto the People of the State of New York for

the benefit of any person who shall recover judgment against such Principal for death or for injury to persons or property, caused in the operation, maintenance, use or the defective construction of a motor vehicle hereinafter referred to,—"

I have been unable to find any case directly in point. In any event, defining the limitations of a bond given pursuant to section 282-b of the Highway Law, the bond runs to the People of the State of New York, for the benefit of any person who shall recover a judgment against the principal therein mentioned. The surety company would undoubtedly be liable to the extent of its undertaking to any person injured upon the highways of the State of New York because of the negligence of the principal in the operation of his motor vehicle. It cannot, however, be extended to persons injured by reason of the negligence of the principal in the operation of his vehicle in a foreign jurisdiction.

Section 282-b of the Highway Law of the State of New York reads as follows: " Every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle, except street cars, and motor vehicles operated under a franchise by a corporation subject to the provisions of the public service commission law, and motor vehicles owned and operated by a municipality, and except as otherwise provided in this section, which shall be operated over, upon or along any public street or highway of the state of New York shall deposit and file with the commissioner of motor vehicles for each motor vehicle intended to be so operated, either a personal bond, * * * "

It would seem that the New York Legislature in enacting section 282-b of the Highway Law intended to protect the rights of persons on its highways.

In the case of *Devlin* v. *New York Mutual Cas. Taxicab Ins. Co.* (123 Misc. 784) Mr. Justice COTILLO, in construing the purposes of the liability of a surety, under section 282-b, said: " The real intention of the parties, therefore, can be more readily ascertained from an examination of the intent of the section because it was in the minds of these parties to reflect that intent in the provisions of the policy of insurance."

Section 282-b was enacted for the protection of the public of the State of New York, under the police power of the State.

The operator of a motor vehicle exercises a privilege which might be denied to him. It is not a right. It may be denied to him. The State has the right to prescribe the conditions under which such motor vehicle may be operated. In fact the State, through its duly constituted agency, does deny that privilege to many who cannot comply with the conditions. It has the power to revoke

any license issued for violation of any of the conditions prescribed. It may be assumed that the State, in requiring a bond for the protection of the public, intended to protect the public within its jurisdiction.

The bond itself limits the liability of the surety. It provides: " That nothing herein contained shall extend or limit the liability and responsibility required to be assumed by the surety under the provisions of Section 282 B and 282 E of the Highway Law." Section 282-b was enacted for the benefit of the public. The public, as I have already said, contemplated in the law is that which is under the jurisdiction of the State of New York. The bond given to satisfy the requirement of law of the State of New York cannot be extended to a foreign jurisdiction. The benefits to be derived under such bond can only be derived by those for whom its execution was required under the law.

It cannot be said that the State of New York legislated for the benefit of the entire people of the nation, or the world, and hence the benefits derivable from a bond required by law for the protection of the public of the State of New York cannot be claimed on a judgment of a foreign jurisdiction obtained by non-residents in a suit brought for personal injuries resulting from an accident occurring outside of the State of New York. It would follow, therefore, that the motion for summary judgment should be denied.

Were the pleadings in condition to warrant a dismissal of the complaint and the direction of judgment in favor of the defendant, I should be constrained to so direct. The pleadings, however, are silent as to the locale where the accident occurred and nothing was submitted to amplify the allegations of the complaint, except the exemplified pleading in the State of New Jersey. The defendant's motion to dismiss the complaint is, therefore, denied without prejudice.