PATRICK J. KENNEDY, Plaintiff, *v.* JOHN A. SCHWARZ, INC., Defendant.

Supreme Court, Kings County, August 26, 1932.

MOTION by defendant to dismiss the complaint as insufficient.

*Daniel K. Miller*, for the motion.

*Raymond J. Riley*, opposed.

CUFF, J.   This is an action for damages based upon the unsuccessful attempt of defendant to maintain an action against plaintiff in the Municipal Court.   The complaint alleges that defendant maliciously entered judgment, executed thereon " garnisheeing the wages," and otherwise humiliated plaintiff — all on a groundless cause of action which, subsequently, was dismissed.   There is no allegation of interference by injunction, attachment, arrest, or some other provisional remedy.   (*Sachs* v. *Weinstein*, 208 App. Div. 360, 365.)   The complaint states: Defendant " caused an execution against the wages of plaintiff to be issued out of said Court upon said judgment to a Marshal — garnisheeing the wages of the plaintiff and served a copy of said execution on the employer of plaintiff."   There is no declaration that the wages were held up due to the garnishee.   The execution may have been stayed five minutes after service.   If there was a taking of plaintiff's property, it should have been pleaded.   If an action based on these facts were permitted, the courtroom door would be closed to people capable of paying damages to prosecute their claims. Irresponsible persons could proceed with abandon.   Every lawsuit would mean two lawsuits.   Successful litigants will have to content themselves with the victory and the costs, in the absence of any interference with their person or property in the action.   *Ghiglione* v. *Friedman* (115 App. Div. 606), relied upon by plaintiff, includes the element of interference.   In that case a mechanic's lien was filed.

Motion is granted.