HARRY HANSEN, Respondent, *v.* CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

(Argued May 22, 1933; decided May 31, 1933.)

*Millard F. Tompkins* and *Arthur M. Boal* for appellant.

*Ira A. Campbell* and *Roger B. Siddall* for American Steamship Owners Mutual Protection and Indemnity Association, Inc., *amicus curiæ.*

*Sol Gelb* and *Emanuel Friedman* for respondent.

CROUCH, J.  Defendant, a domestic insurance corporation, issued to the owner of the vessel *Mascot* a

policy of marine insurance, as that term is defined in section 150 of the Insurance Law (Cons. Laws, ch. 28). Plaintiff, a member of the crew of the *Mascot*, was injured as a result of an explosion which occurred upon said vessel. In an action brought under the Jones Act (38 Stat. 1185; 41 Stat. 988) in a Federal court plaintiff recovered a judgment against the owner. Execution was returned wholly unsatisfied by reason of the insolvency of the owner. This action was brought to recover from the insurer the amount of that judgment not exceeding the amount of the policy. The complaint herein is attacked for insufficiency, upon the ground that the policy was one to indemnify against loss, as distinguished from one to indemnify against liability, and that section 109 of the Insurance Law is not applicable to policies issued pursuant to section 150 of the Insurance Law.

If the policy indemnified the owner against loss, that is, for money actually paid by him in satisfaction of the judgment recovered by plaintiff, then we are of the opinion that the complaint is sufficient. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137, 142.) It is true that section 109, when originally enacted, applied only to policies issued by casualty companies. Subsequent amendment of the section, however, made its provisions, in terms, applicable to all policies of insurance against loss or damage resulting from an accident to or an injury suffered by an employee or other person for which the person insured is liable. No good reason is suggested for assuming that the provisions of section 109 were not intended to apply to any policy issued by a stock company, then or thereafter authorized to insure against liability for personal injuries, whether on land or sea. We are not now called upon to deal with like insurance issued by companies incorporated under section 162 of the Insurance Law.

By the Laws of 1921, chapter 236, section 150 of the Insurance Law was amended for the express purpose of

authorizing marine insurance companies to give complete coverage by insuring, not only against all perils of the sea, but against all hazards or liabilities, including personal injury liability, arising out of or in connection with the construction, repair, operation, maintenance or use of the subject-matter of such insurance. That the traditional contract of marine insurance was one of indemnity for money actually paid or loss actually suffered, is no reason for exempting such policies from the operation of section 109, when the companies issuing marine insurance chose to insure against loss arising from personal injuries. The same considerations of fairness and public policy which originally led to the enactment of section 109 of the Insurance Law (Cf. Vance on Insurance [2d ed.], § 178; *Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667), apply no less to the liability features of marine policies than to the policies originally contemplated by that section. To those considerations may be added the desirability of uniformity in that type of insurance. To standardize policies in that field was an essential object of the legislation.

The order should be affirmed, with costs, and questions certified answered in the affirmative.

Concur: POUND, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG and HUBBS, JJ.

Ordered accordingly.