ANNIE ENGELSON, on Behalf of Herself and Any Other Judgment Creditors Similarly Situated Who Will Join in the Prosecution and Contribute to the Expense of This Action, Plaintiff, *v.* COMMERCE CASUALTY COMPANY, Defendant.

Supreme Court, Kings County, July 19, 1933.

*David M. Engelson,* for the plaintiff.

*Edward L. Johnson,* for the defendant.

CROPSEY, J. The plaintiff, while a passenger upon an omnibus operated for the carriage of passengers for hire upon the public highways, received injuries. Claiming that her damage was caused by the negligence of the owner and operator of the omnibus she brought an action against that company. The result of the action was a judgment in plaintiff's favor, upon which execution

had been issued and returned unsatisfied and that judgment remains wholly unpaid. Plaintiff then brought this action to recover on a policy of insurance issued by the defendant covering the omnibus in question. This policy was in force at the time of the accident and had been given pursuant to the provisions of section 17 of the Vehicle and Traffic Law.

In defendant's answer a defense is pleaded and this the plaintiff seeks to have stricken out on the ground that it is insufficient in law. The allegations of this defense are that the policy of insurance sued upon was issued by the defendant for a limited and specific purpose as appears by a rider or indorsement attached to it, whereby it was agreed between the defendant and the company owning the omnibus that it would be used to carry school children and their teachers to and from school and to and from games or outings, " all other passenger carrying use being excluded from the policy;" that the policy bearing this indorsement was filed with the Commissioner of Motor Vehicles and accepted by the latter who issued a certificate that the owner of the omnibus had filed the policy required under the section of the law above mentioned; that the accident to the plaintiff occurred while the omnibus was being operated for a purpose other than that for which the policy of insurance was issued, in that it was not then engaged in the carrying of school children and their teachers, but for the purpose of transporting adults and other members of the public to and from a bath house in Brooklyn, all of which was without notice to the defendant or the Commissioner of Motor Vehicles; that the defendant, upon being apprised of the facts, notified the company that owned the omnibus that it disclaimed all liability under the policy, and that the defendant by reason of the breach of the condition mentioned is not liable for the injuries sustained by the plaintiff.

Section 17, above mentioned, requires any one engaged in the business of carrying passengers for hire in any motor vehicle, with certain exceptions not applicable here, over any public street or highway in the State of New York, to file with the Commissioner of Motor Vehicles either a personal bond, a corporate surety bond or a policy of insurance approved by the Commissioner in the sum of $2,500, conditioned for the payment of any judgment recovered against the owner and proprietor of the motor vehicle for death or injury to persons or property caused by negligence in its operation or maintenance or construction. This section also provides that upon the acceptance of the policy the Commissioner shall issue to the owner of the motor vehicle a certificate describing it and showing that the policy has been filed as required. Under this section it is the motor vehicle that is in effect insured and not its

owner. The policy here issued shows that it covered an omnibus and such a vehicle carrying passengers for hire on the public streets may not be legally operated unless a bond or an insurance policy has been previously filed. The bond or policy is not primarily to protect the owner of the vehicle. It is given for the benefit of the public; that is, any one who may be injured through the negligent operation, maintenance or construction of the vehicle. This statute was enacted to give some measure of relief to any one who might be so injured.

The purpose for which the bond or policy was required to be given being plain, a policy given pursuant to the statute should be deemed to be intended to carry out its provisions. (*Devlin* v. *N. Y. Mutual Casualty Taxicab Ins. Co.*, 123 Misc. 784; affd., 213 App. Div. 152, with a modification, here unimportant; *Sandolovich* v. *United States Fidelity & Guaranty Co.*, 142 Misc. 463; *Merrill* v. *Equitable Surety Co.*, 131 id. 541, 547.)

The clause in the indorsement upon the policy, which is the subject of the defense, would limit the liability of the defendant if it had the effect contended for in the answer. But it seems to me plain that it can have no such effect, both because of the express provisions of the policy and the objects sought to be accomplished by the statute. As already stated, the clause is in an indorsement. The policy, which is a part of the complaint, provides: " The following provisions and the provisions of any indorsement attached to this policy shall apply between the company and the assured but shall not prejudice the right of any person other than the assured to recover hereunder." The statute gives the Commissioner of Motor Vehicles the right to approve the form of these policies. Evidently the form approved by him contains the matter just quoted. This is indicated by the statement at the top of the policy, which says that it conforms to the policy form approved by the Commissioner for use in compliance with section 282-b of the Highway Law, which is the forerunner of section 17 of the Vehicle and Traffic Law. The quoted provision applies to the giving of notice of accidents and suits and to the operation of the motor vehicle by one under the age fixed by law, or in any event under the age of sixteen and other things. But the provision not only says that those matters shall not prejudice the right of any person other than the assured to recover upon the policy, but it also says that the same result shall follow from any indorsement attached to the policy. That is as to the provisions mentioned that are contained in the policy as well as to the provisions of any indorsement attached to it, they shall all apply as between the company and the assured, but shall in no way affect the right of any person other than the assured to recover.

Therefore, under the provisions of the indorsement, if the assured had sought to hold the defendant to some liability or the defendant had sought to hold the assured its provisions would apply and the use of the omnibus for a purpose other than agreed upon in the indorsement might affect either the right of the company or the assured.

This action, however, is not by the assured, nor is the right of action given to plaintiff by section 17 a derivative one. On the contrary, it is an original right of action given by the statute. (*Gillard* v. *Manufacturers Casualty Ins. Co.*, 92 N. J. Law, 141, 144; affd., 93 id. 215, see p. 218.) (See, also, *Vance* v. *Burke*, 267 Mass. 394, 396.) But even if the policy did not contain the provision last discussed, I think the defendant would be liable upon it even though the omnibus were used for a purpose different from that stated in the indorsement. Subdivision 10 of section 2 of the Vehicle and Traffic Law provides than an omnibus " shall include any motor vehicle held and used for the transportation of passengers for hire." The policy in question states that the assured is in the business of bus operator and that the vehicle covered by the policy is a bus or school bus, both of these expressions being used. Besides the cover on the policy reads: " New York Omnibus Policy." The language in the indorsement in effect would change the statutory definition of omnibus. Under that provision, strictly construed, the policy would not apply to the omnibus, but only to it when it was being used to carry certain people. Such a limitation would defeat the purposes of the statute. If such a limitation were sound then another limitation to the effect that the policy should be binding only on certain days of the week or month, or between certain hours, would be equally effective. Bearing in mind the purpose for which the statute was enacted, it seems plain that any attempted restrictions upon the effect of the policy or the liability of the company issuing it, contrary to the main purpose underlying the statute, must be held to be ineffective. That this should be the holding seems to be recognized in the jurisdictions where the question has been discussed. (*Ott* v. *American Fidelity & Casualty Co.*, 161 S. C. 314, 317; *Boyle* v. *Manufacturers Liability Ins. Co.*, 96 N. J. Law, 380; affd., on opinion below, 97 id. 561; *Connell* v. *Commonwealth Casualty Co.*, 96 id. 510.)

Defendant relies upon cases that involve the ordinary liability insurance policy (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271; *Weatherwax* v. *Royal Indemnity Co.*, 250 id. 281; *Gerka* v. *Fidelity & Cas. Co. of N. Y.*, 251 id. 51). These cases, and others, hold that in the absence of a provision to the contrary in the

policies, matters that would constitute a defense against an action by the assured will be equally good defenses to an action by an injured or third party. But those cases did not involve section 17 of the Vehicle and Traffic Law or its predecessor. In those cases there was no statute requiring the giving of a policy of insurance before the motor vehicle in question could be operated or the particular act could be done. The owner of the vehicle or of the property might or might not obtain a liability policy as he pleased. Under section 17, however, the obtaining of such a policy is not optional. The owner of an omnibus, for instance, may not operate it upon the public highways without first having obtained such a policy or having given a bond in lieu thereof. What has been held in the other line of cases should have no application to a policy issued under section 17. The distinction between the two classes of cases has been noted. (*Saxon* v. *United States Fidelity & Casualty Co.*, 107 N. J. Law, 266, 267; *Ott* v. *American Fidelity & Cas. Co., supra.*)

The defense is insufficient in law and so that motion to strike it out is granted, with ten dollars costs.