ARTHUR SHAW, Respondent, *v.* CITIZENS CASUALTY COMPANY, Appellant.

First Department, June 21, 1934.

*Henry P. Goldstein*, for the appellant.

*E. Louis Gothelf*, for the respondent.

MERRELL, J. The action was brought to recover on defendant's policy of insurance whereby the defendant agreed to indemnify the assured, Capitol Stages, Inc., for damages on account of injuries to or destruction of property resulting from or caused by the operation, maintenance or use of motor vehicles owned and operated by the assured. The question presented by this appeal is as to whether or not the defendant is liable for the loss of the plaintiff's property under the terms of said policy. Under subdivision 3 of the policy, with relation to limitation of liability, the policy provides: " The liability of the Company on any one judgment is limited to * * * Five Hundred Dollars ($500) for damage to or destruction of property and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action," etc.

The plaintiff was a passenger on a bus owned and operated by the assured, Capitol Stages, Inc. The plaintiff bought and paid for a ticket for transportation on said bus on or about May 31, 1933. When the plaintiff boarded the bus the driver thereof required him to give to the driver his baggage, which the plaintiff did. Said baggage was placed on top of the bus by the driver, along with the baggage of other passengers. While on the way to New York city the bus stopped at several stations to permit passengers to board or leave the bus, and at each of said stations the bus driver took care of the passengers' effects. No passenger was permitted to handle his own baggage. When the plaintiff reached his destination in New York city he requested the driver to deliver his baggage to him. Only a part thereof was returned to plaintiff. The remainder was missing. Upon the refusal of the bus company to return all of plaintiff's baggage to him the plaintiff brought action in the Municipal Court of the City of New York and recovered a judgment for $366.50 as the value of the missing baggage. Thereafter an execution against the property of the assured was issued and the same was returned wholly unsatisfied by the marshal,

because the marshal could find nothing belonging to the assured upon which to make a levy, and upon the further reason that the assured went out of business prior to the recovery of said judgment and had disposed of its assets. The question is presented as to whether or not the loss of plaintiff's baggage was a damage to or destruction of the plaintiff's property. The policy in suit was issued not primarily for the protection of the bus company, but for the protection of the public in just such cases as arose in the case at bar, where the bus company could not or would not respond in damages. The facts upon this appeal are undisputed. The appellant contends, however, that the loss of property which the plaintiff sustained did not come within the terms of the policy " damage to or destruction of property." The appellant also claims there is an inconsistency between the complaint in the Municipal Court for the negligent loss of the plaintiff's baggage and the complaint in the present action which alleges the same facts as an injury to property. I think they are both the same. Section 25-a of the General Construction Law defines injury to property as follows: " ' Injury to property ' is an actionable act, whereby the estate of another is lessened." I think there can be no doubt that the loss of plaintiff's property certainly lessened his estate therein, and that the phrase " Damage to or destruction of property " contained in the policy must be construed in the light of the aforesaid provision of the General Construction Law. I think it follows that the plaintiff suffered injury to his property when the same was lost. I can conceive of no greater injury to one's property than to lose the same. In *Kavanaugh* v. *McIntyre* (210 N. Y. 175) the Court of Appeals approved the definition of " injuries to property " found in Hilliard on Torts (Vol. 1 [3d ed.], p. 464) as follows: " Injuries to property are in themselves of great variety; being committed with or without force, immediately or consequentially, by misfeasance or nonfeasance, by *direct invasion of another's possession,* or by an unauthorized use of one's own property, causing damage to another. With reference to the injuries themselves, they include *disseisin,* * * * *conversion, waste* * * * and negligence." (Italics are the writer's.) " Disseize " is defined in the Encyclopaedic Dictionary as follows: " To deprive of the seisin or possession of." The Court of Appeals in *Ayers* v. *Lawrence* (59 N. Y. 192, 197) defines waste as follows: " Waste * * * may be applied to any squandering or misapplication of property * * * or any abuse of trust or of duty *by which property is lost* or an estate * * * diminished in value. * * * The term waste, as used in the act, includes every wrongful act of mismanagement of the property rights or interests of the municipality causing *the loss or damage.*" (Italics are the writer's.)

So, in *Ghiglione* v. *Friedman* (115 App. Div. 606) the Appellate Division, Second Department, held that loss of rental was an injury to property under subdivision 10 of section 3343 of the Code of Civil Procedure, now section 25-a of the General Construction Law, saying: " It is plain from this definition that the expression ' injury to property,' as used in the act, is to be given a broad and unrestricted meaning, so as to include every invasion of one's property rights by actionable wrong, and the decisions in this State have quite uniformly construed the expression in this manner. (*Buckley* v. *Mayor*, 30 App. Div. 463, 466; *Stewart* v. *Lyman*, 62 id. 182, 185; *Bogart* v. *Dart*, 25 Hun, 395; *Weiller* v. *Schreiber*, 63 How. Pr. 491; *Cleveland* v. *Barrows*, 59 Barb. 364.) " Injury is defined in 22 Cyc. 1064 (Note 16), as follows: " Pecuniary injuries are such as can be, and usually are, without difficulty estimated by a money standard. Loss of real or personal property, or of its use, * * * are examples of this class of injuries." The taking, conversion, waste or disseisin may involve a total loss to the owner and yet constitute an " injury to property " under all the above definitions. In the opposing affidavit of the appellant it is suggested that the only loss covered by said insurance policy is such loss as exists from an accident or collision. It is important to note, however, that nowhere in the policy do the words " accident or collision " appear in the indemnification clause of the policy, nor do they appear in section 17 of the Vehicle and Traffic Law, pursuant to which the policy in question was issued. It would have been very easy, had the Legislature intended to limit the loss of property to such as resulted from accident or collision, to have so specified in the statute. As before stated, the furnishing of this bond was to safeguard person and property of passengers from injury or damage caused by the negligence of a public carrier. This clearly appears from section 17 of the Vehicle and Traffic Law, which provides that: " 1. Every person, firm, association or corporation engaged in the business of carrying or transporting passengers * * * shall deposit and file with the commissioner of motor vehicles * * * a policy of insurance * * * conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for *injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle.*" (Italics are the writer's.) I think there can be no question that the loss of plaintiff's property constituted an injury to his property whereby he was deprived thereof. Section 17 of the Vehicle and Traffic Law does not provide that the injury to property must be caused by negligence. The word " negligence " or any similar word does not appear in the

statute. The facts as shown by the moving papers are sufficient *prima facie* to show negligence of the assured in the absence of an explanation on the part of the defendant to account for the loss of the plaintiff's property. There is, therefore, no issue of fact necessitating a trial upon such question. In *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 363, 374) the Court of Appeals stated: " ' There being no explanation respecting the loss of the goods or endeavor to account for their non-delivery, * * * the plaintiff made a *prima facie* case of negligence. (*Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 11.) ' " In *Fairfax* v. *N. Y. C. & H. R. R. Co.* (67 N. Y. 11) the Court of Appeals said: " When the plaintiff demanded the article it had disappeared, and no account is given of the cause of such disappearance. This is *prima facie* evidence of negligence. (*Steers* v. *Liv., N. Y. & P. Sts. Co.*, 57 N. Y. 1.) " In *Engelson* v. *Commerce Casualty Co.* (149 Misc. 886), in discussing section 17 of the Vehicle and Traffic Law, it is stated: " The bond or policy is not primarily to protect the owner of the vehicle. It is given for the benefit of the public; that is, any one who may be injured through the negligent *operation*, maintenance or construction of the vehicle. This statute was enacted to give some measure of relief to any one who might be so injured." (Italics are the writer's.)

The doctrine is too well established to require the citation of many authorities that where there is doubt or ambiguity in the construction of an insurance contract prepared by the insurer, such doubt must be resolved against the insurance company. (*Lavine* v. *Indemnity Ins. Co. of North America*, 142 Misc. 422; *Kocak* v. *Metropolitan Life Ins. Co.*, 144 id. 422.) Under section 109 of the Insurance Law an action may be begun against an insurance carrier on a judgment recovered for damages to property where the execution has been returned unsatisfied against the assured by virtue of its insolvency or bankruptcy. The defendant contends that the plaintiff has failed to show that the execution in the case at bar was returned because of insolvency of the assured. However, the execution against the assured was returned unsatisfied by a duly authorized marshal of the city of New York, and such return is *prima facie* evidence of the insolvency of the assured and in the absence of facts to the contrary it must be assumed that at the time said execution was returned unsatisfied the assured was insolvent. (*Halsey* v. *Winant*, 233 App. Div. 103.)

The judgment and order appealed from should be affirmed, with costs to plaintiff, respondent, against defendant, appellant.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment and order affirmed, with costs.