MANFRIED BARON, Plaintiff, v. AUTO MUTUAL INDEMNITY COMPANY, Defendant. — Submitted controversy under sections 546–548 of the Civil Practice Act. On January 28, 1935, the plaintiff was a passenger in a taxicab and suffered injuries by reason of an unprovoked assault made on him by the driver. On a trial in City Court he recovered a judgment against both the owner and the driver on which an execution was returned wholly unsatisfied, and the judgment remains wholly unpaid. In this action he seeks to hold the defendant liable on the judgment under the terms of a policy issued pursuant to section 17 of the Vehicle and Traffic Law, as amended, to wit, for damage or injury caused by the operation, maintenance, use or defective construction of such motor vehicle. It is agreed that the policy was written in conformity with the provisions of the statute. The contention of the plaintiff is that the defendant is liable, and that of the defendant that it is not liable under the terms of the statute. The submitted controversy is determined in favor of the defendant for which judgment dismissing the complaint upon the merits is directed to be entered, without costs. The purpose of the statute (Vehicle and Traffic Law, § 17) is to afford protection from negligent " operation " or " use " of a taxicab such as an injury suffered by one of the public, or a passenger, as a consequence of negligent " operation " or " use " by the taxi chauffeur; but an unprovoked assault by a chauffeur is not so related to the " operation " or " use " of the taxicab as to come within the purpose of the statute. Carswell, Johnston and Adel, JJ., concur; Hagarty and Davis, JJ., dissent and vote for judgment in favor of the plaintiff in the sum of $445.72, in memorandum, as follows: The injury to the passenger occurred during the period of operation and use. Whether or not an insurer becomes liable for an assault of this nature depends upon the language of the policy. (*Raven Halls, Inc.*, v. *United States Fidelity & G. Co.*, 142 Misc. 454; *Briggs Hotel Co.* v. *Zurich G. A. & L. I. Co.*, 213 Ill. App. 334; *Commonwealth Casualty Co.* v. *Headers*, 118 Ohio St. 429; 161 N. E. 278; *Georgia Cas. Co.* v. *Alden Mills*, 156 Miss. 853; 127 So. 555, and *Sontag* v. *Galer*, 279 Mass. 309; 181 N. E. 182.) Unless some statute imposes a different liability, section 17 of the Vehicle and Traffic Law and section 109 of the Insurance Law are liberally interpreted by the courts in favor of persons injured by the acts of those insured despite the provisions in indemnity policies which seek to limit coverage. (*Floyd* v. *Consolidated Indemnity & Insurance Co.*, 237 App. Div. 190; *Tulchinsky* v. *Pub. Serv. Mut. Cas. Ins. Corp.*, 245 id. 382; *Engelson* v. *Commerce Casualty Co.*, 149 Misc. 886; *Shaw* v. *Citizens Casualty Co.*, 241 App. Div. 399;

*Hansen* v. *Continental Ins. Co.*, 262 N. Y. 136, and *Bakker* v. *Ætna Life Ins. Co.*, 264 id. 150.) Section 17 does not limit recovery to damages for " accidental injuries " or those received by negligence. Applying the rule of liberal interpretation, we think that the injuries suffered by plaintiff for which he recovered judgment against the owner of the taxicab were incurred as a result of the operation and use thereof while he sustained the relation of a passenger therein.