Henry Falk, Appellant, v. Triborough Bridge Authority, Respondent.— Action brought by the plaintiff, assignee of the claim of Max Hochman, to recover damages for the conversion by the defendant of certain salvage material. Order granting defendant's motion for summary judgment, and judgment entered thereon dismissing the complaint, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

Green Bus Lines, Inc., Appellant, v. Ocean Accident and Guaranty Corporation, Ltd., Respondent. (Appeal No. 1.) — Order denying plaintiff's motion for summary judgment affirmed, without costs, on the authority of *Green Bus Lines, Inc.,* v. *Ocean Accident and Guaranty Corporation, Ltd., No. 2 (post,* p. 851), decided herewith. Lazansky, P. J., Johnston, Adel and Taylor, JJ., concur; Close, J., dissents and votes to reverse the order and grant the motion. [See *post,* p. 977.]

Green Bus Lines, Inc., Respondent, v. Ocean Accident and Guaranty Corporation, Ltd., Appellant. (Appeal No. 2.) — One Rose Berger, a passenger in a bus owned and operated by plaintiff, commenced an action against plaintiff to recover $150,000 damages for personal injuries sustained by her when she was assaulted by another passenger. Defendant had issued a policy of insurance to plaintiff, under the terms of which it agreed " to pay any sums which the Insured may become obligated to pay by reason of the liability imposed by law upon the Insured for damages for * * * or injuries to persons * * * resulting from the ownership, operation, maintenance, use or defective construction of " plaintiff's buses. Defendant accepted the summons and complaint in the Berger action and advised plaintiff that the claim was not covered by the policy but that it would defend the action, with a full reservation of its rights and upon the understanding that such action on its part was not to be construed as waiving any of the terms or conditions of the policy. Subsequently plaintiff settled the Berger action for $2,700 and the defendant consented to the settlement without prejudice to its prior reservation of rights and agreed that in any action brought against it by plaintiff for reimbursement it would not present, by way of defense or testimony, any issue as to the amount of the settlement or any restrictive provision in the policy with reference to plaintiff's right to settle the Berger action. Upon defendant's refusal to reimburse plaintiff for the $2,700 paid to Rose Berger, plaintiff instituted this action. In our opinion defendant is not liable under the policy of indemnity for the unprovoked assault upon Rose Berger by a fellow passenger. (*Baron* v. *Auto Mut. Indemnity Co.,* 247 App. Div. 731.) Order denying defendant's motion for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs on authority of *Baron* v. *Auto Mut. Indemnity Co.* (247 App. Div. 731); Close, J., dissents and votes to affirm.

Frank Hallberg, Respondent, v. Knickerbocker Ice Company, Appellant. — In an action to recover damages for personal injuries sustained by plaintiff following a collision between his automobile and defendant's truck, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.