■ AMERICAN TRANSIT INSURANCE COMPANY, Respondent, v ANTHONY SARTOR, Appellant, et al., Defendants. [762 NYS2d 340] —Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered March 15, 2002, which granted plaintiff American Transit Insurance Company's (American) motion for summary judgment declaring that its disclaimer of coverage to

defendants Utica Taxi Center, Inc. (Utica), Pierre Toussaint and Julian Mesamours was proper and that it had no obligation to pay a judgment rendered against said defendants, and denied the cross motion of defendant Anthony Sartor to preclude plaintiff from disclaiming liability coverage and to direct plaintiff to pay Mr. Sartor the judgment rendered against the other defendants, unanimously reversed, on the law, with costs, plaintiff's motion for summary judgment denied, defendant Sartor's cross motion to preclude plaintiff from disclaiming liability coverage for its insureds granted, and plaintiff directed to pay Mr. Sartor the $100,000 default judgment with 9% interest from March 30, 2001. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered January 14, 2002, which granted plaintiff's motion for summary judgment, denied defendant's cross motion and directed the parties to settle judgment, unanimously dismissed, as subsumed in the appeal from the ensuing judgment.

Notwithstanding its disclaimers of coverage due to breach of various policy conditions, plaintiff American is liable, pursuant to both the Vehicle and Traffic Law and the express terms of its policy, for the default judgment obtained against its insureds by defendant Sartor. Not only does Vehicle and Traffic Law § 370 (1) require generally that a private entity engaged in the business of transporting passengers for hire in motor vehicles on public thoroughfares have an insurance policy on file with the Commissioner of Motor Vehicles covering its liability for judgments against it as a result of injuries and damages incurred while conducting such business, but Vehicle and Traffic Law § 370 (4) states that although failure of such an entity to give specified notice to its insurer of an accident is a misdemeanor, it shall not affect the insurer's liability to the injured party. Insurance policies issued for this purpose will be construed to contain these statutorily mandated provisions and to further the underlying public policy concerns where the language of the insurance policy justifies it (*see Sandolovich v United States Fid. & Guar. Co.*, 142 Misc 463, 464 [1931]; *Devlin v New York Mut. Cas. Taxicab Ins. Co.*, 123 Misc 784, 785-786 [1924], *mod on other grounds* 213 App Div 152 [1925] [cases construing the predecessor statutes]). Moreover, American's policy expressly provides that none of its provisions shall prejudice the right of anyone other than the insured to recover pursuant to the policy (paragraph 9), that it is liable for its share of any judgment against the insured (the full amount of the judgment here), plus costs, expenses and post-judgment interest (paragraph 2), that the owner of the vehicle

or anyone legally responsible for its use, i.e., Utica, is an insured (paragraph 12), and that only after American has paid a loss under the policy, due directly or indirectly to its insured's breach of policy conditions, shall American be entitled to reimbursement from the insured (paragraph 14). Concur— Tom, J.P., Mazzarelli, Andrias, Rosenberger and Williams, JJ.