RICHARD GILMORE vs. ACME TAXI Co. & another.

Suffolk.   November 2, 1965. — December 3, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Taxicab.   Assault.   Passenger.   Carrier,* Of passengers.

In an action against a taxicab company, evidence that, after the plaintiff
had gotten into one of the defendant's taxicabs at a taxicab stand, he
refused a request by the driver that he disclose how much money he
was carrying and stated that he could pay the fare but would take an-
other taxicab, and was starting to leave the taxicab when the driver
stabbed him with a knife warranted findings that the plaintiff was a
passenger in the taxicab at the time of the assault and that the defend-
ant, having the duty of a common carrier, was liable to him for the
assault.

TORT.   Writ in the Municipal Court of the City of Boston
dated March 8, 1958.

Upon removal to the Superior Court the action was tried
before *Brogna, J.*

*Robert Fulton,* for the defendant, submitted a brief.

*John M. Mullen* for the plaintiff.

SPIEGEL, J.   This is an action of tort for personal in-
juries which the plaintiff allegedly sustained while a pas-
senger in a taxicab owned by the defendant Acme Taxi Co.
(Acme) when he was assaulted with a knife by the operator
of the taxicab.   Count 1 of the declaration is against the
operator; count 2 is against Acme for negligence in its
duty to provide safe transport.   A jury returned a verdict
for the plaintiff on each count.   The verdict against Acme
was recorded under leave reserved.   The case is here on
exceptions taken by Acme to denial of its motion for a
directed verdict, to denial of its motion to set aside the
verdict against it and enter a verdict for it under leave
reserved, to refusal of certain requests for rulings and to a
portion of the judge's charge.   No exceptions were taken
by the operator.

Gilmore v. Acme Taxi Co.

There was conflicting testimony as to what happened at the time of the alleged assault. However, the plaintiff testified that, having consumed a certain amount of beer during the evening, he entered Acme's taxicab at a taxi stand in the early hours of the morning. The operator asked to see how much money the plaintiff was carrying. He refused to show his money but stated that he could pay the fare. He said he would ride in another cab if the driver did not wish to take him and started to leave the taxi. The driver got out, walked back to the door which the plaintiff was opening, and stabbed the plaintiff twice.

Acme argues that there was insufficient evidence from which to find that the plaintiff was a passenger. Acme further argues that the assault was unforeseeable and beyond the scope of the operator's employment. Therefore it contends it was not negligent as alleged in the performance of its duty and was not liable for the acts of its employee.

Viewing the evidence most favorable to the plaintiff, the jury could have found that he was a passenger when the incident occurred. He accepted an implied offer of carriage by entering the cab at the stand (see *Gerber* v. *New York Cent. R.R.* 288 Mass. 318, 320) and continued to be a passenger while leaving the taxi. See *McKimble* v. *Boston & Maine R.R.* 139 Mass. 542, 549.

The cab company is held to the duty of care of a common carrier. See *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 411. If a "passenger is assaulted and insulted, through the negligence or the wilful misconduct of the carrier's servant, the carrier is necessarily responsible." *Jackson* v. *Old Colony St. Ry.* 206 Mass. 477, 485, 486. Consequently any allegation of negligence of Acme is mere surplusage. *Cavanagh* v. *Tyson, Weare & Marshall Co.* 227 Mass. 437, 445.

The only issue presented by the exceptions to the judge's charge and to the refusal of certain requests for rulings is whether, in order to hold Acme liable, it must appear that the acts of the operator were within the scope of his em-

ployment. A carrier is under an obligation "to use a very high degree of care to prevent injuries that might be caused by the . . . wilful misconduct of others. . . . In the application of the rule to injuries caused by servants of the carrier while engaged in the performance of his contract of carriage, it is held that he is liable absolutely for their misconduct." *Hayne* v. *Union St. Ry.* 189 Mass. 551, 552. See *Bryant* v. *Rich,* 106 Mass. 180, 189. See also *Jackson* v. *Old Colony St. Ry., supra.*

There was no error.

*Exceptions overruled.*