■ DAVID M. GOETZ, Appellant, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Respondent. — In an action to recover for medical expenses under an automobile liability policy, plaintiff appeals, by permission of the Appellate Term, Second Judicial Department, from an order of that court, entered August 2, 1965, which modified an order of the Civil Court of the City of New York, Kings County, entered January 26, 1965, and granted summary judgment in favor of defendant, dismissing the complaint. Order of Appellate Term, affirmed, without costs. No opinion. Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., dissents and votes to reverse the order of the Appellate Term and to deny the motion for summary judgment, with the following memorandum: Defendant issued its automobile liability insurance policy against accident for bodily injury to each named insured caused by accident, while occupying or through being struck by an automobile. While driving his car, three men compelled plaintiff to stop, ordered him out of the car and stabbed him. They also took his wallet and an outer garment. Plaintiff brought this action in the Civil Court of the City of New York, Kings County, to recover for medical expenses under the terms of the policy issued by defendant. The carrier defended on the ground that plaintiff's injuries were not the result of an accident within the meaning of the policy. In the Civil Court, plaintiff moved for summary judgment and defendant made a cross motion for the same relief. The Civil Court denied both motions. The Appellate Term affirmed the order denying summary judgment for plaintiff, but granted summary judgment for defendant. In my opinion, it was error to grant summary judgment for defendant. I hold that, within the meaning of the policy, the alleged assault on plaintiff was an accident (*Floralbell Amusement Corp.* v. *Standard Sur. & Cas. Co.*, 170 Misc. 1003; *Floralbell Amusement Corp.* v. *Standard Sur. & Cas. Co.*, 256 App. Div. 221; *Baldinger* v. *Consolidated Mut. Ins. Co.*, 15 A D 2d 526, affd. 11 N Y 2d 1026; *Green Bus Lines* v. *Ocean Acc. & Guar. Corp.*, 287 N. Y. 309; *Huntington Cab Co.* v. *American Fid. & Cas. Co.*, 155 F. 2d 117) which occurred while plaintiff was occupying the car (*Black* v. *Hanover Ins. Co.*, 30 Misc 2d 1081; *Katz* v. *Ocean Acc. & Guar. Corp.*, 202 Misc. 745; *Finley* v. *Prudential L. & C. Ins. Co.*, 388 P. 2d 21; *Christoffer* v. *Hartford Acc. & Ind. Co.*, 123 Cal. App. 2d 979).