OPINION OF THE COURT
Harold Hyman, J.
In this action the plaintiff, Nassau Insurance Company (hereinafter Nassau) seeks a judgment declaring that its attorney may withdraw his appearance as counsel for Mel Jo-Jo Cab Corp. (hereinafter Cab Corp.) and that Nassau is not obligated under the policy of insurance issued to defendant Cab Corp., the named insured, to provide a defense or indemnification of Cab Corp. and/or defendant David L. Knight in the action instituted against said defendants by Joyce Cohen. A nonjury trial was held before this court on September 18, 1979.
Defendant Cab Corp. operated a taxi business and was covered by the plaintiff insurer under a statutory automobile liability insurance policy. On September 13, 1978, one Joyce Cohen, a passenger in one of defendant’s taxicabs which was driven by David L. Knight, was allegedly "assaulted, abused and physically attacked” by Knight, "acting in the course and scope of [his] employment”, "without cause or justification * * * and without any fault or want of care on the part of [Cohen].”
These allegations form the basis of Cohen’s action against Cab Corp. and Knight, commenced on or about November 5, 1978 by service of a summons only on Cab Corp. An attorney of record for Nassau appeared for Cab Corp. in that action. However, shortly following the receipt of the complaint, Nassau disclaimed liability on the grounds that the alleged assault and battery committed by Knight was not deemed an “accident” under the relevant provisions of its policy and, in any event, the injuries sustained by Cohen did not "arise out of the ownership, maintenance or use” of the taxicab. In substance, the plaintiff insurer maintains that the alleged assault is not covered by the terms of the policy. The question *458 for this court, therefore, is twofold: (1) whether the intentional and unprovoked assault was an "accident” within the meaning of the policy, and (2) whether, if an accident, "by reason of the ownership, maintenance or use” of an automobile, it comes within the meaning of the policy.
Before addressing itself to the construction of this policy, the court’s role in this declaratory judgment action must be clearly defined. The test of coverage under this liability policy is determined by the complaint in the underlying personal injury action. If the allegations in that complaint show a cause of action by reason of an accident insured against, whether or not the allegations square with the objective truth or are utterly false and wholly groundless, the insurer is obligated to defend. (Grand Union Co. v General Acc., Fire & Life Assur. Corp., 254 App Div 274, affd 279 NY 638.) Concisely stated, the issue for determination is whether the plaintiff insurer must defend or indemnify a common carrier and/or its employee where said employee allegedly "acting within the scope of his employment”, commits an unprovoked assault upon a passenger.
The plaintiff insurer issued a policy of automobile liability insurance to this taxi company wherein it agreed "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of’ the insured’s taxicabs. The policy involved covers assault and battery as an accident "unless committed by or at the direction of the insured.” It also included an omnibus clause which defined the insured as including "the named insured * * * and also includes any person while using the automobile and any person * * * legally responsible for the use [of the insured vehicle], provided the actual use * * * is by the named insured * * * or with the permission of [the named insured].”
Nassau argues for the application of the above-quoted definition of the insured to the assault and battery clause and, further, that the insured, in the exception, includes the driver employee Knight, an omnibus insured. At the outset, this court does not agree with those opinions (e.g., American Fid. Fire Ins. Co. v Allstate Ins. Co., 212 Va 302) construing this form of assault and battery clause as referring only to the named insured and not to an omnibus insured. The rationale' of such a constrained interpretation is the belief that assault *459 could never be an accident; and so if the clause was construed as proposed by the insurer. This belief, however, is ill founded. Notwithstanding the fact that coverage may, in the end, be withheld from the named insured or an omnibus insured actually responsible for the commission of the assault or directing it to be committed, a view indicated by the discussion to follow, it is illogical to indiscriminately exclude from coverage all insureds whenever an assault is committed, without distinguishing the responsibility, if any, of the particular insured for that specific assault. Without allowing gross distortion of the term "the insured”, a pattern unfortunately followed in some jurisdictions, this court reaches the conclusion that Knight is an "insured” under the omnibus clause of the policy. Moreover, this assault and battery clause can preserve its intended effect so as to give equitable and fair treatment to the insurer, the named insured, and the omnibus insured.
In that regard, differentiation must be made between (1) assault committed by the named insured and not at the direction of the omnibus insured; (2) assault committed by the omnibus insured and at the direction of the named insured, and (3) assault committed by the omnibus insured and not by or at the direction of the named insured.
As for the first fact pattern, the law is well settled in New York both by virtue of judicial interpretation of the term "caused by accident” and by virtue of the express assault and battery clause, "that an injury caused by an assault and battery committed by the named insured himself is not an accident within the meaning of the policy.” (McCarthy v MVAIC, 16 AD2d 35, 42, affd 12 NY2d 922; emphasis added.) Purely on public policy grounds, and justifiably so, if the term "caused by accident” were construed to include coverage for an assault by the named insured, it would be in conflict with the public policy of this State forbidding coverage of the insured against his own criminal acts. (Morgan y Greater N. Y. Taxpayers Mut. Ins. Assn., 305 NY 243, 248; Messersmith v American Fid. Co., 232 NY 161, 165.)
In the next category of cases, it has been held that an assault committed by an officer of a corporation in the course of his duties is also an assault by the named insured, the corporation, thereby excluding both from coverage. Essentially, by virtue of the close identity of the officer and the corporation, the assault is deemed to have been committed "by and at the direction of’ the corporate named insured. In *460 Greater N. Y. Mut. Ins. Co. v Perry (6 AD2d 432, opp dsmd 7 NY2d 718), the insurer brought an action against the insured corporation, the vice-president of the insured, and the party allegedly assaulted by the vice-president, for declaratory judgment that the public liability policy issued by the insurer did not require the insurer to defend the action which had been brought by one allegedly assaulted against the insured and the vice-president. The policy contained a special "assault and battery” clause and also included under the definition of assureds "executive officer or directors” of the named assured. The court found the vice-president to be an "additional assured” under the provisions of the policy, thereby finding that his commission of the assault excluded him from the right to indemnity. The court, however, extended this exclusion to the corporate named assured on the theory that the corporate named assured acts through its agent and the act of the agent is the act of the corporation. (See, also, De Luca v Coal Merchants Mut. Ins. Co., 203 Misc 261 [assault by corporation’s manager and president].) Decisions along this line have been subject to criticism, for example, as follows: "A corporation can act only through an agent and in one sense any act of an agent in the course of his employment is the act of the corporation. It would, however, be unrealistic to interpret the phrase 'by or at the direction of the insured’ so as to exclude from coverage of a liability insurance policy every assault and battery committed by a corporate agent in the course of his duties. Such an interpretation would strip the assault and battery clause of a meaningful purpose.” (1 Long, Law of Liability Insurance, § 1.18, pp 1-42.1, 1-42.2.) Hence, like Long, this court hesitates to generalize by reducing the coverage afforded a named insured in every case where an assault is committed by the additional or omnibus insured. The identity of the omnibus insured and the knowledge or lack thereof by the named insured of the willful and intentional act are not to be overlooked as significant criteria in making any ultimate determination as to coverage, for they are.
We thus reach the relevant question concerning this court, the facts of this case being more akin to the third category of cases, namely, where an assault is committed by an employee, as an omnibus insured, without the knowledge or consent of the corporate named insured.
In Huntington Cab Co. v American Fid. & Cas. Co. (115 F2d 117), a passenger was assaulted by an employee and agent of *461 Huntington Cab Co. operating and driving a cab. The passenger sued Huntington Cab Co. (the named insured) only. The court held that the injury was "accidentally received” and coverage was to be provided to the named insured, Huntington Cab Co. As stated by the court (supra, p 119): "If the injury is caused by the insured himself or by his employee with his authority or consent, it is not accidental * * * and so coverage is denied; but where an intentional injury is inflicted by an employee of the insured without the latter’s authority or consent, it is generally held * * * that the injury is suffered as a result of an accident within the meaning of the contract of insurance.” (Emphasis added.)
In Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn. (305 NY 243, 248, supra), a case concerning a public liability policy issued to copartners, the Court of Appeals stated: "The denial of coverage to an assured for liability imposed upon him for an assault in which he himself took no part finds no justification in the policy which lies behind the exclusionary provision.” (Emphasis added.) The defendant insurer therein maintained that through the definition of the "assured” clause it intended its exclusionary provision to mean that there was no obligation to indemnify an assured from liability resulting from an assault committed by another assured. The court cast aside that argument, stating (305 NY, supra, pp 248-249) as follows: "Defendant [insurer] seeks to turn to its own advantage a provision of the policy intended to benefit, not to prejudice, the named assured. The 'Definitions’ section, by assigning a broad meaning to the term 'Assured’, extends coverage to various persons in addition to the named assured. That section which might be termed an 'additional assured’ provision serves as an inducement to purchase insurance to one contemplating taking out a liability policy, by affording coverage, without added premium, to others in addition to the applicant. To hold that such a provision * * * works a reduction in the coverage which would be afforded to the named assured in the absence of such provision is not in harmony with the true, beneñeial purpose of the provision. ” (Emphasis added.)
Likewise, in Floralbell Amusement Corp. v Standard Sur. & Cas. Co. of N. Y. (170 Misc 1003, 1007) the court held that: "an assault by an employee, an assault not foreseen by the employer, may be as catastrophic to the purse of the [named] assured, the employer, as it is to the body of the person *462 assaulted. Not being willful on the part of the [named] assured, it is, from the point of view of the [named] assured, in the nature of an accident in the course of his business.”
From the standpoint of the corporate named insured, in our case Cab Corp., it would be inconceivable for this court to exclude coverage to the innocent named insured for an assault committed by or at the direction of its employee, Knight. This would mean that Cab Corp. would be left without any coverage for such acts by employees. It would defeat the very purpose, protection against wrongful acts by employees, negligent or intentional, for which the named insured, Cab Corp., had purchased the insurance.
This court concludes that the employee omnibus insured must bear the full brunt of his alleged individual willful and intentional act. In a similarly situated case, Haser v Maryland Cas. Co. (78 ND 893), where in the underlying action judgment had been rendered solely against an employee taxicab driver for his “rape of a passenger”, the court concluded that there was no liability of insurer to the driver under a policy containing an omnibus clause. Although the driver was considered an "insured” under the omnibus clause and was insured against liability arising out of negligence in the operation of the taxicab, the court held that the insurance contract indemnifying a perpetrator against the consequences of his own willful acts of violence was clearly against public policy. This is in line with the same public policy ground postulated by the Court of Appeals in Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn. (305 NY 243, supra). Furthermore, and equally applicable to our case, it was aptly noted in Haser that despite the fact that both the taxicab company and the driver were insured by the same insurer under the same policy, this did not fix the same measure of liability as to each, the distinction being that the security covering the liability of the taxicab company was required by statute (Vehicle and Trafile Law, § 370), while coverage for the driver was purely contractual.
Therefore, as to that branch of the question concerning whether or not the alleged assault and battery is deemed an accident under the terms of the policy, the answer is affirmative with respect to defendant Cab Corp. only; coverage as to defendant Knight is otherwise excluded.
Remaining for determination is to consider whether this alleged assault and battery arose out of the ownership, main-' tenance or use of an automobile within the purview of the *463 policy coverage. Several New York cases which have discussed this question have come up with different and apparently conflicting results.
In Gordon v Merchants Mut. Cas. Co. (133 NYS2d 209), the court held that an assault by the driver of a taxicab upon a passenger arose out of the ownership, maintenance or use of the taxicab. This holding derived from the theory under Brockway v Mordenti (199 Misc 898) that a taxicab owner is responsible for any acts of violence committed on his passengers by the owner’s employees while engaged in their duties.
On the other hand, the Appellate Division, Second Department, in Baron v Auto Mut. Ind. Co. (247 App Div 731), held that an unprovoked assault by a taxicab driver upon a passenger was not so related to the "operation” or "use” of the taxicab as to come within the purview of section 17 of the Vehicle and Traffic Law (presently Vehicle and Traffic Law, § 370), which statute requires the filing of a policy of insurance by passenger carriers for hire.
However, there has been reason to believe that Baron has been overruled by the Court of Appeals in Green Bus Lines v Ocean Acc. & Guar. Corp. (262 App Div 759, revd 287 NY 309). Essentially, the court found the appellate court’s interpretation of the policy and statute unduly strict and narrow when the general purpose to be served by the policy is considered. That purpose was seen as safeguarding passengers from injury or damage, as well as protecting the insured owner from such claims resulting from the use of motor vehicles. This court concurs in this reasoning by our highest court.
Nowhere does the statute limit recovery to damages for injuries received through negligence. Nowhere is the kind of claim involved listed among the exclusions or liability limitations in this policy. And nothing from the terms of the "arising out of’ clause requires that the automobile itself produce the injury. Inherently, "ownership” of a business of carrying passengers in a motor vehicle entails providing protection to the traveling public not only from injury inflicted by its driver’s reckless management of the vehicle, but also from its driver’s physical violence to the passenger. It would be against public policy to limit the scope of the indemnity which the common motor carrier has purchased for its own protection, for it appears that this statutorily mandated coverage is *464 primarily to compensate innocent victims of irresponsible employee motorists.
Finally, the court rejects defendant Knight’s defense that Nassau is estopped by reason of the preliminary inquiry made of the defendant by Nassau’s investigator. None of the elements required for equitable estoppel are present in this case. Still further, the balance of defendant Knight’s defenses is without merit.
Accordingly, judgment is hereby rendered in favor of Nassau to the extent that the insurance policy issued to defendant Mel Jo-Jo Cab Corp. affords no coverage by way of defense or indemnity to David L. Knight for Cohen’s lawsuit against him. In all other respects the complaint is dismissed.