■ JERALD MIRONOV, as Executor of BLANCHE D. MIRONOV, Deceased, Respondent, v NEW YORK MUTUAL UNDERWRITERS, Defendant, and UTICA MUTUAL INSURANCE COMPANY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered May 2, 1988 in Albany County, which, inter alia, denied defendant Utica Mutual Insurance Company's cross motion for summary judgment and made a declaration in favor of plaintiff against said defendant.

Plaintiff commenced this action for a declaration of the rights and liabilities of, among others, defendant Utica Mutual Insurance Company (hereinafter Utica Mutual) under a business automobile liability insurance policy issued to Willie G. Moore concerning a wrongful death action brought by plaintiff against Moore, the owner of a taxi business. In the wrongful death action, the complaint alleges damages resulting from the death of Blanche D. Mironov, plaintiff's decedent, when she allegedly was killed by a taxicab driver while a

passenger in a taxicab owned by Moore. In this declaratory judgment action, Utica Mutual moved for summary judgment declaring that it had no obligation to defend or indemnify Moore against the claims made in the wrongful death action on the ground that the act of murdering the taxicab passenger by the driver was not an event insured against as it did not result from the ownership, maintenance or use of the covered automobile. Supreme Court denied Utica Mutual's motion and held, *inter alia,* that Utica Mutual was obligated to defend and indemnify Moore against plaintiff's claims and to pay any judgment that plaintiff may obtain against Moore within the dollar limits of the policy. This appeal by Utica Mutual ensued.

The automobile liability policy in dispute specifically provides: *"We* will pay all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto"* (emphasis in original). While cases generally hold that there would be no coverage under an automobile policy where one occupant of a vehicle intentionally inflicts violence on another occupant on the ground that the injury inflicted did not result from the ownership, operation, maintenance or use of the automobile *(Locascio v Atlantic Mut. Ins. Co.,* 127 AD2d 746, *lv denied* 70 NY2d 616; *United Servs. Auto. Assn. v Aetna Cas. & Sur. Co.,* 75 AD2d 1022; *Goetz v General Acc. Fire & Life Assur. Corp.,* 47 Misc 2d 67, *affd without opn* 26 AD2d 635, *affd without opn* 19 NY2d 762), where the policy of insurance is issued to cover a common carrier, coverage has been found *(see, Green Bus Lines v Ocean Acc. & Guar. Corp.,* 287 NY 309; *Nassau Ins. Co. v Mel Jo-Jo Cab Corp.,* 102 Misc 2d 455, *affd* 78 AD2d 549; *see also, Huntington Cab Co. v American Fid. & Cas. Co.,* 155 F2d 117).

In both the case at bar and the case of *Green Bus Lines v Ocean Acc. & Guar. Corp. (supra),* the passenger was intentionally injured by another person; in the former, the driver of the taxicab, and in the latter, a fellow bus passenger. The previously cited cases in which courts applied a more narrow interpretation of the words "arising from or caused by the ownership, operation, maintenance or use of a vehicle" involved policies of automobile liability insurance issued to private individuals. Private passenger automobile owners' liability is different from common carriers' liability where the protection of the passenger using the common carrier is the object of statutes requiring insurance for common carriers

*(see, Green Bus Lines v Ocean Acc. & Guar. Corp., supra,* at 315; *see,* Vehicle and Traffic Law § 370). Thus, an assault on a passenger in a common carrier has been ruled an accident with respect to liability insurance coverage while not an accident in the case of a privately owned vehicle, and the words "arising from or caused by the ownership, operation, maintenance or use of a vehicle" have also been found to be within the coverage of the policy where a common carrier is involved. Accordingly, Supreme Court properly ruled that Utica Mutual agreed to indemnify the taxicab owner for any liabilities the common carrier might incur with respect to the taxicab operated by Moore's employee.

The case of *Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson)* (71 AD2d 1004), cited by Utica Mutual, is distinguishable since it involved the claim of a bus driver employee, who was stabbed by a passenger, and the employer's claim, not the passenger's claim, for no-fault benefits under the No-Fault Insurance Law. Utica Mutual also relied on *Horney v Tisyl Taxi Corp.* (93 AD2d 291), which involved a common carrier. However, *Horney* is also distinguishable since it was reversed on the ground that the trial court improperly instructed the jury on the effect of Vehicle and Traffic Law § 388 and the applicability of the No-Fault Insurance Law, issues not involved in the case at bar. In addition, *Horney* did not involve a construction of the duties of an insurer to defend an employee under an automobile liability insurance policy. We likewise reject Utica Mutual's argument that Supreme Court's reliance on *Nassau Ins. Co. v Mel Jo-Jo Cab Corp. (supra)* is misplaced because the insurance policy there contained a provision covering an assault. Under the reasoning of *Green Bus Lines v Ocean Acc. & Guar. Corp. (supra),* it is not essential that the insurance policy contain a specific provision covering an assault.

Order affirmed, with costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.