Toomey, J.
Plaintiff, Commerce Insurance Company, brought this suit for declaratory relief against its insured, Don’s Sanding & Plowing, Inc. (“Don’s”), claiming that it has no obligation to defend under Don’s business auto policy or to indemnify for damages arising out of a slip-and-fall action brought by Roxanne Spillane. This case was before the court on October 8, 1993 for hearing on plaintiffs motion for summary judgment. In support of its motion, plaintiff argues that Don’s business auto insurance policy does not cover an accident arising out of Don’s failure to sand or negligent sanding of the roadways of Countryside Estates. Plaintiff also contends that it is not estopped from withdrawing its representation of Don’s in this action, nor did it waive its reservation of rights.
In response, Don’s argues that genuine issues of material fact exist about whether Mrs. Spillane’s injury comes within the automobile insurance policy. Don’s also asserts that a jury must decide whether plaintiff is estopped from withdrawing from the action. For reasons stated below, plaintiffs motion for summary judgment will be denied on both grounds.
BACKGROUND
The following undisputed facts appear in the pleadings of the parties, answers to interrogatories, depositions, and affidavits: At least two years prior to the incident which led to this lawsuit, Don’s orally agreed that it would provide sanding services to Countryside Estates in Rutland, Massachusetts. Don’s agreed to sand the premises when Countryside Estates called, or when it was otherwise necessary. Pursuant to the agreement, on January 12, 1990, Don’s applied sand at Countryside Estates using a sander mounted on one of Don’s trucks.
Don’s business automobile insurance policy provides that plaintiff “will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.” The parties do not dispute that the truck which defendant used to sand was a “covered auto.”
On January 15, 1990, Roxanne Spillane fractured her ankle when she slipped and fell on ice and snow in a Countryside Estates parking lot. Don’s had not sanded the premises that day. Mrs. Spillane originally sued Countryside Estates, but later amended the complaint to add Don’s Sanding & Plowing, Inc.
Plaintiff notified Don’s on September 21, 1992 that it would represent the company, but reserved its right to withdraw if it found that the insurance policy did not apply. Don’s did not hire its own attorney to defend the Spillane action. Affidavit of Donald R. D’Auteuil, para. 5. On August 13, 1993, plaintiff filed this motion for summary judgment alleging that it had no obligation to defend or indemnify Don’s.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “Acomplete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
As a general rule, Massachusetts law requires a nexus between the use of an automobile and the occurrence of an accident. Roe v. Lawn, 34 Mass.App.Ct. 726, 728 (1993); see Liberty Mutual v. Agrippino, 375 Mass. 108, 115 (1978). The connection “is not a question of‘proximate cause’ in the ordinary sense, but is a question of interpretation of the extent of coverage intended by the words of the insurance contract” so that “the risk spread is the risk of automobile accidents, and not all accidents ... to which an automobile can be tied, however remotely.” Lawn, supra at 728-29, citing Lapointe v. Shelby Mut. Ins. *344 Co., 361 Mass. 558, 564 (1972); Aetna Cas. & Sur. Co. v. United States Fid. & Guar. Co., 806 F.2d 302, 303 (1st Cir. 1986).
The interpretation of terms in an insurance policy is a question of law to be decided by the court. Jefferson Ins. Co. v. Holyoke, 23 Mass.App.Ct. 472, 475, rev. denied, 399 Mass. 1104 (1987). In this case, the term “use” is unambiguous, and clearly is not synonymous with “failure to use.” Don’s failure to sand the premises of Countryside Estates on January 15, 1990 therefore does not fall within the policy.
This court cannot say as a matter of law, however, whether Mrs. Spillane’s injuries on January 15, 1990 arose out of defendant’s allegedly negligent use of the sanding truck three days earlier. Cf. Lawn, supra at 729 (holding that insurer could not deny coverage where ‘Taxi’s school bus was being put to the special use of driving the victim to school when she was assaulted, and her injuries would not have occurred but for that use”). Summary judgment is inappropriate on the issue of coverage, therefore, because a genuine issue of material fact remains as to the sufficiency of the connection between the events on January 12 and January 15.
Plaintiffs second basis for seeking summary judgment also fails. An insurance company may provide a defense under a reservation of rights without being estopped from disclaiming liability later if it finds that an insurance policy does not apply. The insurer may not mislead or prejudice the insured, however. See Powell v. Fireman’s Fund Ins. Co., 26 Mass.App.Ct. 508, 512, rev. denied, 403 Mass. 1106 (1988). An insurance company which acts inconsistently with its reservation of rights or which causes defendant to rely on the impression that he will continue to be represented may be estopped from withdrawing its representation. See id.
In this case, the defendant’s president stated that until a few months before trial, plaintiff was representing the company fully, creating the impression that the relationship would continue. D’Auteuil Affidavit, para. 6. Plaintiff has not shown an absence of triable issues, therefore, because a jury could find that enough time had passed that plaintiff had begun acting inconsistently with its reservation of rights. See Employer’s Liability Assurance Corp., Ltd. v. Vella, 366 Mass. 651, 658-59 (1975). For example, a question of fact exists about whether plaintiff led Don’s to rely exclusively on its defense when Don’s might have protected itself. See id. Plaintiff is therefore not entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is DENIED.