Butler, J.
The plaintiff, Commerce Insurance Company (“Commerce”), brought the present action seeking a declaratory judgment that it is not obligated to defend or indemnify the defendants against claims brought by Courtney Jelley (“ Jelley”)[2] and Karen Percy (“Percy”). Commerce now moves for summary judgment. For the following reasons, plaintiffs motion for summary judgment is ALLOWED in part and DENIED in part.
BACKGROUND
The following facts are agreed upon by the parties for the purpose of determining this motion:
Jelley, a minor, and Percy, a mentally-handicapped individual, have brought complaints against John Donnelly (“Donnelly”), YCN Transportation (“YCN”), Para-Transit, Inc. (“Para-Transit”), and Richard Armour (“Armour”). They allege Donnelly sexually and physically assaulted them in a vehicle owned by Para-Transit while he was employed by YCN as a driver responsible for their transportation. YCN leased the vehicle from Para-Transit. The claims brought by Jelley and Percy include: 1) claims against Donnelly individually for sexual abuse and assault and battery; 2) claims in negligence against YCN, Para-Transit, Armour as Vice President of YCN, and Armour, individually; and 3) claims of vicarious liability against YCN and Para-Transit as common carriers.
Commerce issued a Business Automobile Policy (“the policy”) to Para-Transit which was in full force and effect at all times relevant hereto. The policy provides coverage for “all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.” (Commerce Policy, Part IV, A, 1.) The policy states that an accident “includes continuous or repeated exposure to the same conditions resulting in bodily injury or property damage the insured neither expected nor intended.” (Commerce Policy, Part I, C.)
Commerce concedes for purposes of this motion that Para-Transit, Donnelly, YCN and Armour are all insureds under the Commerce policy. Commerce also stipulates that the incidents which gave rise to the Jelley and Percy complaints occurred within an auto covered under the Commerce Policy.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
*537 A declaratory judgment action is an appropriate means of settling a dispute concerning the meaning of language in an insurance policy. Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc., 415 Mass. 381, 385 n.6 (1993). Interpretation of the policy’s language is a question of law for the trial judge. Id.
The initial burden of proof is upon the policyholder to establish coverage within the policy description of covered risks. Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 321 (1991). Once initial coverage is determined, the insurer bears the burden of proof concerning the applicability of any exclusion from coverage enumerated in the policy. Id. The fact that the insurer is the plaintiff in a declaratory judgment action does not alter the allocation of the burden of proof. Id.
Commerce must defend its insureds, “if the allegations of the complaint are ‘reasonably susceptible’ of an interpretation that they state or adumbrate a claim covered by the policy terms ...” Continental Casualty Co. v. Gilbane Building Co., 391 Mass. 143, 146 (1984) (citations omitted). “Otherwise stated, the process is one of envisaging what kinds of losses may be proved as lying within the range of the allegations of the complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy.” Id. at 147 (citations omitted).
The risks covered under the Commerce policy are those due to bodily injury or property damage caused by an accident and resulting from the ownership, maintenance or use of a covered auto. The defendants have the burden of establishing that the claims made by the Jelley and Percy complaints are covered under the Commerce policy. See Camp Dresser & McKee, Inc., supra at 321. As this, motion relies upon stipulated facts, Commerce is entitled to summary judgment only if it can establish that it is entitled to judgment as a matter of law.
1. Coverage of John Donnelly for Sexual Abuse and Assault and Battery.
Commerce claims it is not obligated to defend or indemnify Donnelly against the allegations of sexual abuse and assault and battery because those injuries were not caused by an accident. The policy defines “accident” as that which is not expected or intended by the insured. Commerce argues that the damage resulting from Donnelly’s sexual abuse and physical assaults was “intended" or “expected” by Donnelly.
Commerce’s inclusion of the terms “intended" and “expected” does not change the common law definition of accident. Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 83-86 (1984). An accident is an “unexpected happening without intention or design.” Id. at 83. The volitional act of an insured may still be considered accidental if he does not specifically intend the resulting harm and is not substantially certain that such harm will result.[3] Id. at 84.
Therefore, the claims against Donnelly are not covered if he either intended to cause the injury or was substantially certain that the injury would result. The general rule is that an intent to cause injury is inferred, as a matter of law, from acts of sexual abuse and assault and battery. Doe v. Liberty Mutual Insurance Co., 423 Mass. 366, 369 (1996); Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 400-01 (1990).
The Intervenors (Jelley and Percy) have brought forth evidence that Donnelly was suffering from depression, a dependent personality disorder and was receiving psychotropic medications at the time of the alleged sexual assaults and that he “never meant harm.”[4] They argue that such evidence creates a genuine issue of material fact as to whether Donnelly specifically intended the resulting harm or was substantially certain that such harm would result. This court disagrees.
It is only in the “strongest of factual situations" that the intent to cause injury will not be inferred from sexual abuse and physical assault. Worcester Ins. Co., supra at 400. The very nature of these acts are so certain to cause harm that Donnelly’s intent to cause that harm must be inferred as a matter of law “and his statement to the contrary does nothing to refute that rule of law.” Id. In addition, the record does not support that Donnelly was “suffering from a mental disease or defect that would render [him] incapable of forming an intent to harm” Jelley and Percy. See Id. at 400-01.
Even if Donnelly’s specific intent could be in question, an allegation that he “never meant harm” is not relevant as to whether he knew to a substantial certainty that harm would result from his actions. The actions alleged are so certain to cause harm that such knowledge must be inferred as a matter of law from the commission of the act. Doe v. Liberty Mutual Insurance Co., 423 Mass. at 310. Accordingly, there is no genuine issue of material fact concerning whether Donnelly knew to a substantial certainty that his actions would result in harm.
As such, there are no genuine issues of material fact concerning Donnelly’s coverage and Commerce is entitled to summary judgment as a matter of law. Commerce is entitled to a declaration that it is not obligated to defend or indemnify Donnelly concerning the claims made in the Percy complaint.
2. Negligence of YCN, Para-Transit, and Richard Armour, as Vice President of YCN and Individually.
Commerce argues that the negligence claims are not covered under the policy because they do not arise out of the ownership, maintenance or use of a covered auto.[5] The general rule is that “[a]ssaults committed *538 ón passengers by employees (of a bus or taxicab company) are usually considered as arising out of [the] ownership, maintenance or use of the vehicle.” Roe v. Lawn; Aetna Casualty & Surety Co., 418 Mass. 66, 68 (1994) (citation omitted). In Roe, the Supreme Judicial Court held that claims against a company under a theory of common carrier liability for damages caused by a bus driver’s alleged sexual assault on a passenger arose out of the “ownership, maintenance, or use” of the vehicle. Id. at 68-70. The court noted that the bus was in the service of a common carrier and carried an implied promise of safe passage. Id. at 69. The court also stated that it was this promise of safe passage that led to the passenger using the bus and, accordingly, the company’s liability as a common carrier arose out of the use of the bus. Id. at 70.
Commerce argues that Roe is distinguishable as it involved a claim of common carrier liability rather than negligence. Commerce contends that the company in Roe was liable, not because the conduct upon which its liability was based resulted from use of the auto, but rather because the conduct for which it was vicariously liable as a common carrier resulted from the use of the auto. The claims against the instant defendants seek to impose liability for their own conduct, their own negligence, which Commerce argues results from the day-to-day operation of the business rather than from the ownership, maintenance, or use of the covered auto.
Plaintiffs argument is not persuasive. The Roe court found common carrier liability to arise out of the use of the vehicle because of the implied promise of safe passage which induced the passenger to utilize the bus. Id. at 69-70. By the same analysis, the liability of the instant defendants for negligence arises out of a duty they owed Percy as a passenger in their transportation business. The arrangement created a duty in the defendants to use reasonable care to provide safe transportation for passengers, including Percy. That duty arose out of the defendants’ ownership and use of the covered vehicle and it is the breadth of that duty which is alleged in the negligence counts.
Commerce is not entitled to summary judgment on the negligence count.
3. Common Carrier Liability.
Commerce argues that it is not obligated to defend or indemnify YCN or Para-Transit against claims based upon common carrier liability because they are not caused by an accident. Commerce contends that, as common carrier liability is vicarious in nature, Donnelly’s intent should be imputed to YCN and Para-Transit.
Under common carrier liability, the carrier is “necessarily responsible” for damages to a passenger caused by the negligence or the willful misconduct of the carrier’s servant. Gilmore v. Acme Taxi Co., 349 Mass. 651, 652 (1965) (citations omitted). The common carrier is held absolutely liable for the misconduct of its servants whether or not committed within the scope of their employment. Id. at 652-53. Liability is imposed without regard to a finding of negligence on the part of the carrier in the hiring or supervising its employees. Id. at 652; Worcester Ins. Co., 408 Mass. at 406.
Commerce is correct that common carrier liability is a form of vicarious liability; the carrier is liable for damages to a passenger once negligence or willful misconduct on the part of the carrier’s employee is proven. A finding that Commerce is liable for the conduct of its employees, however, does not necessarily mean that the employee’s intent is imputed to Commerce. The intent of an employee is imputed to the employer only where the act was done on behalf of the corporation or was done as part of a general practice or policy of the employer. Worcester Ins. Co., supra at 407-09.
The present case is controlled by Roe v. Lawn: Aetna Casualty & Surety Co., 418 Mass. 66 (1994), and, accordingly, Commerce is not entitled to summary judgment concerning the common carrier counts.
ORDER
For the above stated reasons, plaintiffs motion for summary judgment is ALLOWED in part and DENIED in part, and the following declaration is hereby ORDERED:
Commerce Insurance Company is not obligated to defend or indemnify defendant John Donnelly against the claim of Karen Percy. Commerce Insurance Company is obligated to defend and indemnify defendants YCN Transportation, Inc. and Para Transit, Inc on those claims.

The court was informed by letter dated. November 18, 1996 that all claims arising out of the alleged assaults upon Ms. Jelley have been settled.

The Massachusetts Mandatory Endorsement to the Commerce Policy defines accident for purposes of its use within the endorsement as “an unexpected, unintended event that causes bodily injury arising out of the ownership, maintenance or use, including the loading or unloading of an auto.” (Commerce Policy, Endorsement, Section 1, A) This definition is in accord with the common law meaning of accident.

Doctor Stephen Shapse testified at Donnelly’s sentencing hearing concerning the Jelley assaults that Donnelly had “fooled himself to say that it was okay. He didn’t know it was against the law. But he knew it was morally not okay to do it.” He also testified that Donnelly “asserts that he never meant harm.”

The claims of negligence against these defendants are clearly the result of an “accident” as defined by the policy. The alleged knowledge of Donnelly’s abuse and failure to protect Jelley and Percy does not fall into the category of “expected or intended” conduct, and it is therefore considered “accidental.” Worcester Ins. Co., supra at 410-11.