Butler, J.
INTRODUCTION
Plaintiff, Ruggerio Ambulance Service[2] (Ruggerio Ambulance), seeks summary judgment as to the contractual duties owed by Defendant, National Grange Mutual Insurance Company (National Grange). National Grange opposes Ruggerio Ambulance’s motion, and has filed a cross motion seeking summary judgment on its behalf.
For the reason stated infra, Ruggerio Ambulance’s motion for summary judgment will be DENIED, and National Grange’s cross-motion for summary judgement will be ALLOWED.
BACKGROUND
Briefly stated, the facts as set forth by the parties are as follows:
On February 8, 1992, Thomas M. Williams of Hudson, Massachusetts suffered cardiac problems at his residence. Williams was able to telephone an emergency telephone number servicing the town of Hudson (Town) and requested medical assistance. The emergency operator dispatched an ambulance to Williams’s residence. The Town contracts with Ruggerio Ambulance to provide emergency medical response and ambulance transportation.
At some point between its dispatch and its arrival at Williams’s residence, the Ruggerio ambulance was involved in an accident with another automobile, and the ambulance was delayed in its response to Williams.
After some delay, the Ruggerio ambulance did arrive at Williams’s residence. Ultimately, however, Williams died while being transported to the hospital.
The estate of Williams has filed suit against Ruggerio Ambulance alleging that the accident was caused by the ambulance driver’s negligence, and, that, but for that negligence and the consequent delay in arriving at Williams’s residence, Williams would not have died.
In the course of conducting business, Ruggerio Ambulance maintains various insurance contracts covering different types of risk. Among other policies, Ruggerio Ambulance has a business automobile policy through National Grange Mutual Insurance. Ruggerio Ambulance denied liability in the Williams law suit, but, argues that if it is subject to liability in the death of Williams, that liability stems from the automobile accident which delayed its arrival at Williams’s residence. Therefore, Ruggerio reasons, National Grange is obligated to defend and indemnify it, pursuant to the business automobile policy.
Ruggerio Ambulance has brought an action seeking declaratory judgment in order to determine National Grange’s obligations under the automobile policy. Ruggerio Ambulance now seeks a declaration of National Grange’s duties as a matter of law pursuant to Mass.R.Civ.P. 56.
National Grange opposes Ruggerio Ambulance’s motion, and seeks by cross motion for summary judgment a declaration absolving it of a duty to defend and/or indemnify under the automobile policy.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. See Kourovacilis v. General Motors, 410 Mass. 706, (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). When the issue is the interpretation of an insurance contract, the question presented is one of law for the court to decide. McNeil v. Metropolitan Property & Liability Co., 420 Mass. 587, 589 (1995).
The motions for summary judgment submitted by the parties focus on the following policy clause:
A. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto. (Emphasis added.)
This court must first determine the meaning of the phrase, “. . . injuries resulting from the ownership, maintenance or use of a covered auto.”
*714 Generally, policy language must be construed with reference to the subject matter and nature of the risk involved, with due regard to the objects and intentions of the parties as the same may be gathered from the whole instrument. See J.T. Hinton & Son v. Employers’ Liab. Assur. Corp., 62 S.W.2d 47, 48 (1933). Accordingly, a determination of whether the duty to defend exists implicitly includes an examination of whether the loss fits within the coverage generated by the terms of the policy. See Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 12-13 (1989).
In the instant matter, the parties agree upon the salient facts that (1) Williams did request emergency medical response, (2) an ambulance operated by Ruggerio which was under contract with the Town was dispatched to Williams’s residence, (3) an accident involving the responding ambulance and another vehicle did occur, (4) Williams died en route to the hospital after the delayed response by the ambulance, and (5) the ambulance was covered under a business automobile insurance policy issued by National Grange. The sole question for this court, then, is whether or not National Grange is obligated to defend and indemnify Ruggerio Ambulance for Williams’s death which is alleged to have resulted, albeit indirectly, from the ambulance-automobile accident.
The expression “resulting from" indicates a wider range of causation than that found in the concept of proximate causation in tort law. See Rischilelli v. Safety Insurance Co., 423 Mass. 703, 704 (1996), referencing to K.C. Miller, Automobile Accident Law and Practice §1.03(6)(a), at 1-43 (1996). However, the expression does not refer to all circumstances in which the injury would not have occurred “but for” the involvement of a motor vehicle. Rischitelli, at 704.
Ruggerio Ambulance’s argument relies, in large part, upon the Oregon Supreme Court case, Oakrtdge Community Ambulance Service, Inc. v. United States Fidelity and Guaranty Company, 563 P.2d 164 (1977). Under a policy similar to the one in question here, the Oregon Supreme Court held as a matter of law, that coverage under the policy was triggered when a patient died en route to the hospital when the ambulance in which he was being transported was involved in an accident. See Oakrtdge at 166-67. The progeny of Oakridge, however, have held that “a judgment call must be made as to where along a continuum of causation fall the facts of each case.” See Carrigan v. State Farm Mut. Auto. Ins., 914 P.2d 1088, 1091 (1996). The court, both in Oakridge and in Corrigan, noted that no “bright line test analysis" exists when determining coverage under the "arising out” of language. See Carrigan, at 1090. The court acknowledged that its formulation of the test did not constitute an easily applied bright line analysis, but instead, it described the necessary examination in terms of a continuum. “On one end of the continuum is the situation in which insured’s ambulance while being negligently driven hits and injures a party. On the other end is the situation in which a potential customer, upon entering insured’s place of business to order an ambulance to take his sick mother to the hospital, trips over a negligently arranged rug and breaks his leg. Coverage would exist as a matter of law in the first situation. In the latter situation, however, coverage as a matter of law does not exist despite the causal connection between the broken leg and the ‘ownership, maintenance or use of the ambulance’.. . the causal connection would be too attenuated to afford coverage.” Oakridge, at 167.
The instant circumstances constitute a case that falls within the continuum described in Oakridge. The court determines as a matter of law that Williams’s death is not sufficiently causally related to the accident involving the responding ambulance to fall within the “resulting from” language of the policy. Had the accident occurred while Williams actually was being transported in the ambulance then certainly he would have sustained injury resulting from the use, maintenance or use of the covered vehicle. Here, however, Williams’s injury is simply too attenuated to be within the contemplated “but for” test. The court is not inclined to establish such broad coverage limits for automobile policies. Otherwise, any injury sustained while waiting for an ambulance ostensibly could be covered by automobile insurance.[3]
An injury such as this is a risk more probably contemplated by general liability or professional malpractice insurance.
ORDER
For the reasons stated supra, it is hereby ORDERED that Ruggerio Ambulance’s motion for summary judgment is DENIED. It is further ORDERED that National Grange’s cross-motion for summary judgment be ALLOWED.

 Ruggerio Ambulance Service, Inc. does business as Community Ambulance Service.

 In this regard, the court notes the recent discussion of causal connection between a vehicle’s use and injury sustained in Roe v. Lawn, 418 Mass. 66, 69 (1994) (discussing whether a sexual assault committed by a busline employee and occurring within a school bus owned and operated by a common passenger carrier should be deemed to have arisen out of the “ownership, maintenance or use” of that vehicle). In that case, the court held that the injury did arise from the ownership, maintenance, and use of the school bus because the school bus “was used in the service of a common carrier of passengers and, therefore, carried an implied promise of safe passage.” Id. at 69, citing Jackson v. Old Colony St. Ry., 206 Mass. 477, 485-86 (1910). It was this promise of safe passage which led to [Roe’s] becoming a regulen passenger on the bus on which she was assaulted. Id., at 70. Seemingly, the court’s reasoning would not have extended automobile insurance coverage in the unfortunate instance had the plaintiff been assaulted while waiting for a school bus delayed by chance or negligence.